THE STATE OF TEXAS V. JOT GUNTER ET AL.

Decided June 15, 1904.

**Public Lands—Exemption From Location—Executive Construction.**

The Act of July 14, 1879, and amendment of March 11, 1881, reserving public lands in certain counties from location, was of such doubtful application to Hutchison County (not named in said act unless by the name "Hutchins") that the construction of those acts by the Land Office, under advice of the Attorney-General, as not applying to Hutchison County should be followed by the courts and locations of land therein on the faith of such ruling sustained.

Appeal from the District Court of Travis. Tried below before Hon. V. L. Brooks.

*C. K. Bell, Attorney-General,* and *T. S. Reese,* Assistant, for appellant.

*Smith & Beaty* and *Don A. Bliss,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit on behalf of the State to recover two sections of land in Hutchison County, patented to appellees on April 11, 1883, and June 9, 1893, respectively, by virtue of locations and surveys made under valid certificates on November 25, 1881, and September 10, 1881, respectively. It was alleged in the petition that at the time the locations and surveys were made all the public lands in Hutchison County were reserved from location and survey, and for that reason the surveys and patents in question were and are void.

The case is submitted in this court on the trial judge's findings of fact, which are as follows:

"The certificates under which the defendant's claim title, were valid land certificates, and were at the time of their location the property of the defendants.

"The said certificates were located and surveyed upon the land described in plaintiff's petition, and field notes returned to the General Land Office, as stated in the petition. Patents for said lands were afterwards executed to the defendants, as stated in the petition.

"It is agreed by the parties that said patents conveyed good and valid title to the grantees therein to the land in controversy, provided the locations of said certificates were not void, and the patents either void or voidable in this suit, under the operation of the Act of July 14, 1879, and the amendment thereof, approved March 11, 1881, hereinafter referred to. The land in question is, and was at the date of the location of said certificates, in Hutchison County, Texas.

"In the original enrolled bill of the Act of March 11, 1881 (chap. 33, p. 24, Acts Reg. Sess. 17th Leg.), on file in the office of the Secretary of State, the name of 'Hutchison' County does not appear; but in the place where the name of this county appears in the published act there appears in said enrolled bill the name of 'Hutchins' County, being

the same as it is in the Act of July 14, 1879 (chap. 52, Acts Spec. Sess. 16th Leg.). There never has been any county named 'Hutchins' in this State.

"Prior to July 14, 1879, all of the unappropriated public lands in what is generally known as the "Panhandle" of Texas, including those in the counties mentioned in plaintiff's petition, were subject to location by virtue of valid land certificates that were duly issued by the State of Texas. But in July, 1879, the Legislature passed an act by the terms of which the lands in said counties were reserved from such locations, except lands in Dallam, Carson and Hutchison counties. Although the last three mentioned counties are not named in the act, the counties of 'Davidson,' 'Cordova' and 'Hutchins' are mentioned therein in the respective places where Dallam, Carson and Hutchison counties should have been mentioned, had it been the legislative intent to reserve the land in all of said 'Panhandle' counties from such locations.

"After the passage of said act the question arose as to whether public lands in Dallam, Carson and Hutchison counties were reserved from location by virtue of its provisions, and it became necessary for the land department of the State government to construe said act with reference to said question.

"Thereupon, in August, 1880, the Land Commissioner of the State, in writing, referred said question, in so far as same affected the location of certificates in Carson County, to the Attorney-Gerenal, and the latter, in answer to said communication, on August 17, 1880, rendered his opinion to the effect that the act, properly construed, would not operate to exempt from location lands in said county.

"Thereafter the Legislature passed an act, which was approved on March 11, 1881, and which became effective ninety days after the adjournment of the Legislature. This act purported to amend the act above referred to, so as to exempt from location public lands in Carson County. The emergency clause of the act last mentioned reads as follows, viz: 'Section 2. Whereas, the fact that Carson County, having been left out of the original law, subjecting (subjects) the vacant lands in said county to location, creates an emergency that this act take effect from and after its passage, and it is so enacted.' Prior to September, 1881, defendants located the certificates above mentioned upon the lands described in plaintiff's original petition. These locations were made in good faith and under the belief, induced by the advice of competent counsel, that public lands in Hutchison County were subject to such locations.

"Contemporaneously with the location of said lands, defendants caused to be located, at an expense to them of $50, an equal amount of land for the school fund of the State, in all things conforming to the requirements of the law in said respects.

"After the Act of March 11, 1881, had gone into effect, a question arose as to whether said act reserved from location public lands situated in Hutchison County (the name 'Hutchison' not appearing therein, but

the name 'Hutchins' appearing in its stead, as in the original act). It therefore became necessary for the land department of the State government to construe said act with reference to said question, and the Commissioner of the General Land Office, for said reason, referred said question to the Attorney-General of the State. The latter officer, in answer to said question, on July 19, 1889, gave to said Commissioner his written opinion, to the effect that public lands in Hutchison County were not reserved from location by virtue of said act, and that same were subject to location.

"Defendants have continuously, since the year 1881, paid taxes on said lands to the State, amounting in the aggregate to $200, all of which taxes were regularly and legally assessed by the proper officers. The State, through its proper officers, received said money.

"Prior to October, 1903, the State of Texas filed suit against the unknown owner of the interest in said lands now claimed by the defendant Gunter, to recover taxes due thereon for the years 1897, 1898, 1899 and 1901, under the provisions of the act of the Legislature set forth in chapter 5a of title 104 of Batts' Annotated Civil Statutes of Texas. The defendant Gunter appeared and made himself a party to said tax suit. Final judgment in said cause was thereafter rendered against and paid by said defendant, as alleged in paragraph 15 of defendant's original answer.

"The State of Texas has sold the school sections surveyed as above stated, at the instance and cost of defendants, and school fund has received the proceeds of said sales.

"At the time of the location of the two land certificates under which defendants claim the land in controversy, same were owned by defendants and were of the aggregate value of $275. Said certificates would not have been attempted to be located in Hutchison County had not defendants believed in good faith at the time of such attempt that public land in said county was subject to such location. This belief on part of defendants was induced and caused by the practical construction which had been given the law above mentioned by those officers of the State government whose duty it was to construe same. If said practical construction had not existed, and had not been relied on by defendants at the date of said location, said certificates could and would have been by them located on other public lands which were subject to such locations. While the correctness of said practical construction yet remained unquestioned and while the belief in its correctness on part of defendants yet continued to exist as aforesaid, all public lands in the State were, by law, withdrawn from location. As the result all unlocated certificates became, and have since continued to be, worthless.

"Many persons, other than the defendants, relying upon the departmental construction above mentioned, have purchased and paid for tracts of land in Hutchison County that were located by virtue of valid land certificates, and for which patents have been issued by the State, granting such lands to the owners of such certificates.

"The Act of 1879 and the amendatory Act of 1881, under which plaintiff claims that the lands in controversy were withdrawn and reserved from location, had the effect, if such be its proper construction, of withdrawing from location the public lands of the State to such extent that the lands still remaining subject to location were inadequate in quantity to satisfy outstanding certificates, as alleged in paragraph 19 of defendant's original answer. The certificates under which defendants claim the land in controversy were issued as alleged in said paragraph.

"I find generally that the allegations of fact contained in paragraphs 1 to 19, both inclusive, of the special answer of defendants, as set out in their original answer, are true."

*Opinion.*—In passing on the law of the case the trial court held that the Act of 1879 and the amendatory Act of 1881, set out in the findings of fact, were involved in such uncertainty on the point presented in this case as makes it proper for the courts to adopt and follow the departmental construction of the acts referred to. We approve that ruling, and affirm the judgment.

*Affirmed.*

Writ of error refused November 3, 1904.