STATE ex rel. COLLIER et al. v. VILLAGE
MILLS INDEPENDENT SCHOOL
DIST. et al.  (No. 1070.)

(Court of Civil Appeals of Texas. Beaumont.
Nov. 2, 1923.)

Schools and school districts ⚬�415�415 24(1)—Incorporation of new school district as provided for in act not void, though omitting part of old district, which has well-defined boundaries.

The clear legislative intent of Loc. and Sp. Acts 38th Leg. (1923) c. 25, creating "the Village Mills independent school district," is to include all of the existing common school district mentioned therein, and such incorporation is not a nullity, though the boundaries as given by the act omit part of the existing district, and encroach on adjoining districts, where the existing district has well-defined boundaries, not in conflict with adjoining districts, as the misdescription, if any, should yield to the clear legislative intent.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Action by the State of Texas, on the relation of A. Y. Collier and others, against the Village Mills Independent School District, and others praying for an injunction. From an order dissolving a temporary injunction, plaintiffs appeal. Affirmed.

Singleton & Bevil, of Kountze, for appellants.

Thos. B. Coe and B. A. Coe, both of Kountze, for appellees.

WALKER, J. During its regular session, the Thirty-Eighth Legislature passed an act (Loc. and Sp. Acts 38th Leg. [1923] c. 25) creating "the Village Mills independent school district." Section 1 of the act provides:

"That the Village Mills independent school district is hereby created, established and incorporated in Hardin county, Texas, including within its limits all of the now existing common school district Number one (1) of said county, containing the following lands and bounded and described as follows, to wit. * * *"

Here followed the field notes of the proposed district and a list of the surveys contained in its boundaries. The act was attacked by appellants on the following grounds: (1) The field notes cover about 4,000 acres omitted from the list of surveys named in the act. (2) The field notes include several thousand acres of land within the bounds of adjoining districts that have outstanding bond issues. (3) The field notes as given in the act omit several hundred acres within the bounds of old "common school district No. 1." (4) The act took from County Line district No. 32 a large acreage of valuable land.

Appellants' petition concluded as follows:

"That by reason of the facts hereinbefore related the purported incorporation of said Village Mills independent school district, was and is absolutely void and a nullity, and this suit is brought among other things for the purpose of abolishing said purported incorporation and placing in statu quo the several school districts involved and apparently affected by this purported act of incorporation. That the defendants, who are hereinbefore alleged to be de facto trustees of the purported independent school district, are now threatening to employ teachers for the ensuing school term and thereby create an apparent charge against all of the territory covered by the said purported independent school district as per the field notes of same hereto attached; and are threatening to assess and levy taxes against the property belonging to the said several common school districts, and especially the property and land belonging to and included within the boundaries of said consolidated district 13 and 14, and unless restrained by your honor's most gracious writ of injunction they will proceed to thus becloud and incumber in so far as they are able to do a large acreage rightfully and legally belonging to the said named common school districts. Wherefore, premises considered, plaintiffs pray:

"(1) That the court grant and issue a writ of injunction injoining and restraining the defendants C. H. Burk, B. P. Kirkland, Pat Langston, J. R. Kincaid, and L. M. Parker from contracting or attempting to contract any debt or obligation on behalf of said purported independent school district and from paying or attempting to pay out any money belonging to said purported independent school district or common school district No. 1, and from issuing any kind of voucher or evidence of indebtedness against the funds or property of said purported independent school district or common school district No. 1, and from assessing or levying any tax or incumbrance upon or against any of the property belonging to any of said school districts, common or purported independent, until this cause shall be tried or until otherwise ordered by the court.

"(2) Plaintiffs pray that this petition be ordered filed as an information in this cause, and that citation be ordered to issue and that each of said defendants be cited to appear and answer in this behalf, that the defendant Village Mills independent school district be cited to appear, by service upon J. R. Kincaid, who is acting president or chairman of said de facto board of trustees, that upon final hearing of this cause that the plaintiffs have judgment, that the defendant corporation be dissolved and ousted of all its franchises and corporate privileges, and that said de facto trustees be perpetually enjoined from functioning as said trustees, for cost of suit, and for such other and further relief, both at law and in equity, as the plaintiffs may be entitled to."

In chambers on the 8th day of August, 1923, Judge J. L. Manry granted an injunction in all things as prayed for. On the 7th day of September, 1923, in chambers he dissolved the injunction, on motion of appellees, in effect sustaining a general demurrer to appellants' petition.

⚬�415�415For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The injunction was properly dissolved. An inspection of the act makes it clear that the intention was to create the "Village Mills independent school district" out of common school district No. 1, and that it was not the purpose to omit any portion of that district, nor to encroach upon the boundaries of the adjoining district. To omit a portion of the existing district would have been to deprive certain of its citizens of school privileges. To encroach on the adjoining districts, without making provision for the outstanding bond issues, would have raised a serious constitutional question. But all doubt is removed by the direct language of the act, the effect of which was to express a purpose to incorporate "common school district No. 1" into "Village Mills independent school district." Common school district No. 1 had well-defined boundaries, not in conflict with adjoining districts. While we announce this as a conclusion of fact, it is only an inference drawn from the allegations in plaintiffs' petition, and the recitations in the act, in reference to common school district No. 1. Such a district could not exist without having defined boundaries. If, in fact, the boundaries as given by the legislative enactment omitted any part of the then existing common school district No. 1, or encroached in any way upon adjoining districts, it was an obvious error on the part of the Legislature, and such misdescription should yield to the clear legislative intent.

It is our judgment, therefore, that the order of Judge Manry dissolving the temporary writ of injunction be affirmed, and that the duly qualified officers of the "Village Mills independent school district" proceed with the orderly discharge of their duties, such as organizing the school, employing teachers, etc., but that they do not attempt to exercise any jurisdiction over any lands or property not within the boundaries of old common school district No. 1, and upon a trial of this cause upon its merits, if the allegations of plaintiffs' petition as to the facts of misdescription be sustained by proof, then it is our further order that the trial court enter such orders as will give due effect to our construction of the legislative act.