## FRASS v. DARROUZETT INDEPENDENT SCHOOL DIST. et al. (No. 2541.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 4, 1925. Rehearing Denied Dec. 2, 1925.)

**1. Schools and school districts ☞30—Intention of Legislature held to have been to create new district comprising same territory as that embraced in old district.**

Legislature, in act creating school district (Loc. & Sp. Acts 38th Leg. [1923] 2d Called Sess. c. 15), having in preamble to act expressly declared that new district should comprise same territory as that embraced in old district but having made mistake in describing metes and bounds thereof, *held* to have intended to create new district identical to that of old, notwithstanding clerical error in field notes.

**2. Schools and school districts ☞22—Intention of Legislature creating school district identical with one in existence will not be defeated because of clerical error in description.**

Clearly expressed intention of Legislature to create school district identical with one already in existence will not be defeated because of clerical error in setting out field notes of boundaries of district.

**3. Statutes ☞210—Preamble of act may be referred to to ascertain intention of Legislature in its enactment.**

Preamble of an act may be referred to to assist in ascertaining intention of Legislature in its enactment.

**4. Statutes ☞181(1)—Legislative act should be interpreted according to intention of Legislature.**

Every legislative act should be interpreted according to intention of Legislature, apparent upon its face, and every technical rule as to construction and force of particular terms must yield to clear expression of paramount will of Legislature.

**5. Statutes ☞181(1)—Intent of Legislature is in fact law, and not mere verbiage used by inadvertence or otherwise.**

It is intent which constitutes and is in fact the law, and not mere verbiage used by inadvertence or otherwise by Legislature to express its intent and to follow which would pervert that intent.

**6. Statutes ☞96(1)—Legislature has power under Constitution to create independent school districts by special acts, and is given free hand in creation of such districts.**

Legislature has power granted by Constitution to create independent school districts by special acts, and for that purpose is given a free hand in creation of such districts, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 2856, providing that all incorporated districts with less than 150 scholastics shall be governed by laws applying to common school districts.

**7. Statutes ☞225½—Trustees of school district created by special act will follow provisions of act creating district, and general law does not apply.**

Legislature having power to pass special act creating school district, act will be taken as latest will of that body, and provisions of act will be followed by trustees, and general law does not apply to administration by them only where act expressly directs general law is to be followed.

**8. Statutes ☞122(1)—Legislative act creating school district with powers of taxation held not violative of Constitution.**

An act creating Darrouzett independent school district of Lipscomb county, and providing trustees shall have rights and powers of taxation that belong to towns and villages incorporated for free school purposes, *held* not violation of Const. art. 3, § 35, providing no bill shall contain more than one subject which shall be expressed in its title.

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

Suit by Darrouzett Independent School District and others against Henry Frass. From a judgment for plaintiffs, defendant appeals. Affirmed.

Hoover, Hoover & Willis, of Canadian, and E. O. Gray, of Higgins, for appellant.

W. H. Sewell, of Follett, and Madden, Adkins & Pipkin, of Amarillo, for appellees.

RANDOLPH, J. The following statement of the nature and result of the suit and of appellant's defenses is taken from appellant's brief:

The Darrouzett independent school district, through its board of trustees, brought this suit against Henry Frass seeking to recover the sum of $1,397.46 consisting of taxes, penalty, interest, collector's fees, and attorney's fees alleged to have been due from defendant upon certain land and personal property situated in the said district, which had been created by a special act of the Legislature (Loc. & Sp. Acts 38th Leg. [1923] 2d Called Sess. c. 15), and judgment was recovered against said Frass in a trial without a jury for the sum of $1,317.91 and costs and foreclosing a lien upon the real estate for the taxes, from which judgment defendant duly appealed.

The defendant contended by his answer that the act of the Legislature in question did not include his lands or personal property, in that said act specifically described the metes and bounds of the district in such a way as not to include his lands and property. It was agreed upon the trial that the defendant's land and property were situated wholly without the boundaries of the district as specifically described. The defendant's contention in the case was based upon this proposition that the specific metes and

bounds would govern, while the plaintiff district contended that because the act of the Legislature specified that such metes and bounds were intended to constitute the same boundaries that originally comprised common school district No. 20 in Lipscomb county, the specific metes and bounds of the legislative act would not govern, but would be treated as an error, and that the boundaries of said district No. 20 as fixed by the school officers of Lipscomb county would govern, in which event the defendant's land and property were situated within the district. The defendant contended that extrinsic evidence would not be admissible to contradict or vary the restriction of the legislative bill, and also because the district contained less than 150 scholastics, the trustees would not have the right to levy, assess, and collect the taxes, but that same should have been done by the county officers.

Appellant also contended that the act was unconstitutional if it did attempt to confer the power upon the trustees to perform the functions of tax officers; also, that the rolls were not admissible because they were not verified; that the board was guilty of discrimination in accepting the railroad property at a less ratio of valuation than they did other properties; and that in any event the board could not collect penalties, attorney's fees, and interest in excess of $1 per $100 valuation, because such exceeded the constitutional and statutory limit.

The appellant's land being situated within the limit of common school district No. 20, which the newly created independent school district superseded, appellees claim that the Legislature intended to incorporate the new district out of the exact territory occupied by district No. 20, and therefore that, notwithstanding the field notes of the new district do not appear to include defendant's land, the language of the act can bear no other construction than a complete adoption of the boundaries of the old district. The wording of the act creating the new district, relied on by appellees to sustain their contention, is as follows:

"An act creating the Darrouzett independent school district in Lipscomb county [Texas]; *defining its boundaries to be the same as of common school district No. 20*, etc. * * *

"Be it enacted by the Legislature of the State of Texas: Section 1. That an independent school district is hereby created in Lipscomb county, Texas, to be known as the Darrouzett independent school district, *which said district shall comprise the same territory as that now embraced in common school district No. 20 of said Lipscomb county*, the metes and bounds of said district to be as follows." (Italics ours.)

[1] It will be observed that the preamble to the act creating the new district states the intention of the Legislature in defining it was that the boundaries were to be the same as the old district. This intention is clearly expressed in the preamble and in the enacting clause. Appellant insists that in section 1 of the act creating the independent district it is plainly stated that such district shall be comprised within the metes and bounds set out in the act. We cannot agree that the wording of the act is plainly susceptible of that construction. It is said in that act that an independent school district is hereby created in Lipscomb county, Tex., as the Darrouzett independent school district, which said district shall comprise the same territory as that now embraced in common school district No. 20, Lipscomb county; the metes and bounds of said district to be as follows: Setting out the field notes. Clearly the field notes here are subordinate to the reiterated declaration of the Legislature that the two districts are to be identical. The Legislature having expressly declared that the two districts are to be identical and having reiterated their purpose to create such a district, it is beyond doubt that such was their intention, and that the omission in the field notes was a mere clerical error. In this connection, our attention has been called by appellees to the fact that the field notes of the old and new districts are practically identical, except in the third call. The third call in the field notes of the common school district reads: "Thence W. to the S. E. corner of section No. 162, block 10, said county." The third call of the field notes in the new district is: "Thence west on said block line to the southeast corner of section line 152, block 10." By a mistake in writing the figure "5" instead of "6" in numbering the section called for, it could easily occur that survey 162 could become 152. This apparently was the mistake made. The particular intent of the Legislature was to create a district identical with the old district and to supersede the old in the exact territory. This is evidenced by the repeated declaration that such should be the case, and an apparent error in the field notes should not be made to override such expressed intention. Even if such error is not on its face apparent, the repeated express intention should control over an implied intention as indicated by the field notes.

The appellant further insists that the holding in the case of State v. Gunter et al., 36 Tex. Civ. App. 381, 81 S. W. 1028, is applicable here in the solution of the question before us. In that case the court was construing an act of the Legislature reserving land in Hutchins county from location. Gunter and others located certificates in Hutchinson county, and the state brought suit to cancel such locations, alleging that Hutchinson county was intended in the act forbidding locations in "Hutchins" county, there being no county by the name of Hutchins in the state of Texas, and there being a Hutchinson county within its limit; that the Legislature evidently intended to refer to Hutchinson county. Appellant's contention might

have force and might control the decision of this question now before us, if the act making the reservations had within its provisions anywhere provided for a reservation in Hutchinson county. If the act had in its preamble and enacting clause referred to Hutchinson county, and then by field notes or some other misdescription named a territory contained in Hutchins county, we cannot think but that it would have been held that the subsequent reference to Hutchins county was a clerical error. State ex rel. Collier v. Village Mills Independent School District (Tex. Civ. App.) 256 S. W. 329, 330.

[2] The decisions cited by appellant to support his contentions that affirmative words in a statute are to be construed as a negative of what is not affirmed; that exceptions will not be ingrafted on statutes by implication, that the courts will not supply casus omissus in a statute; that where the words of a statute are clear and unambiguous and so express the legislative intent that there is no room for construction, the statute must be accepted and enforced as written; that where words in a statute express a particular intent, and other words express a general intent inconsistent therewith, the particular intent must be taken as an exception to the general intent that all parts of the law may stand; and that a particular designation restricts the meaning of general words—is not applicable to the question now before us. As we view it, the question here is: It clearly appearing that the expressed intention of the Legislature being to create a school district identical with one already in existence, will a clerical error in the field notes of the district be permitted to defeat that intention? We say it should not.

[3] We cite the following authorities to sustain our view of this question: The preamble of an act may be referred to, to assist in ascertaining the intention and purpose of the Legislature in its enactment. Walraven v. Farmers', etc., National Bank, 96 Tex. 331, 74 S. W. 530.

[4] If the field notes were permitted to be used to control the question of the intention of the Legislature in passing the act, it would lead to the result that an expressed intention would give way to an implied intention. Every legislative act "is to be interpreted according to the intention of the Legislature, apparent upon its face. Every technical rule, as to the construction or force of particular terms, must yield to the clear expression of the paramount will of the Legislature." State v. Delesdenier, 7 Tex. 76, 107. The intent of the Legislature in enacting a law must be followed, although it may be in conflict with the language used to express its intention. Weber v. Rogan, 94 Tex. 62, 68, 69, 54 S. W. 1016, 55 S. W. 559, 57 S. W. 940; Edwards v. Morton, 92 Tex. 152, 46 S. W. 792.

277 S.W.—48

[5] It is the intent which constitutes and is in fact the law, and not the mere verbiage used by inadvertence or otherwise by the Legislature to express its intent, and to follow which would pervert that intent. Edwards v. Morton, supra.

We therefore hold that in the enactment of the bill creating the Darrouzett independent school district, the Legislature intended to incorporate it with boundaries identical with the boundaries of common school district No. 20.

Appellant raises the question that where it conlusively appears that there are less than 150 scholastics in an independent district at the time of its creation by the Legislature, the tax should have been assessed, levied, and collected by the county officials of the county. Article 2856, V. S. Civil Statutes 1914, which was in full force and effect when the act creating the district here in question was created by the Legislature, provided that all incorporated districts having fewer that 150 scholastics according to the latest census shall be governed in the general administration of its schools by the laws which apply to common school districts.

[6] It has been uniformly held by the courts of this state that the Legislature has the power, granted to it by the Constitution, to create independent school districts by special acts and for that purpose is given a "free hand" in the creation of such districts. State v. Brownson, 94 Tex. 436, 61 S. W. 114; Hall v. Trotter (Tex. Civ. App.) 160 S. W. 978; Hill v. Smithville Ind. School Dist. (Tex. Com. App.) 251 S. W. 209; Cain County Judge v. Lumsden (Tex. Civ. App.) 204 S. W. 115.

In the Lumsden Case, supra, this court passing upon the question there presented, that the court erred in granting the mandamus for the reason that the evidence shows that the territory embraced within the district so created did not have at the time the act became operative as many as 150 scholastics within the district, and for such reason is violative of the provisions of Vernon's Sayles' Civil Statutes, art. 2856, holds:

"When the people framed and adopted this article of the Constitution [article 7, § 3], as amended, authorizing the Legislature to form school districts by either general or special laws, it was intended to give the lawmaking body the right to enact a general statute under which districts might be formed by the inhabitants of the territory to be included, taking the necessary steps to bring themselves within the meaning and terms of such general law. We think it is equally clear that the Legislature was authorized by this same article and section of the Constitution to create districts by special act, as in the case under consideration. The enactment of the general statute by one Legislature did not preclude either that body or a subsequent Legislature from incorporating school districts by special acts. * * * The enactment of the general law did not exhaust the power to the Legislature. Clearly the power of the Leg-

islature is to create districts, not by either method, but by both, if it was thought advisable."

In the case of Bone v. Black, 174 S. W. 971, this court did not pass on the question here in issue, but, on the contrary, Chief Justice Huff expressly says:

"We are not informed in this case whether the district had fewer than 150 scholastics according to the last census."

We cannot presume that the Legislature did not have knowledge of the facts and conditions affecting and surrounding the district which they were creating; but, on the contrary it is to be presumed that this act was passed by the Legislature with full knowledge that the district they were creating did not have 150 scholastics within its boundaries.

[7] The Legislature having the power to pass the special act, the act so passed will be taken as the latest will of that body, and the provisions of the act will be followed by the trustees according to the provisions contained in it, and the general law does not apply to such administration by them only where the act expressly directs that the general law is to be followed.

[8] Appellant by his fifth proposition contends that, the title of the act not providing that the trustees shall have the rights and powers for taxation that belong to towns and villages incorporated for free school purposes, such provision in the body of the act is void as being inhibited by article 3, § 35, of the Constitution. We do not think the objection sound. Article 3, § 35, of the Constitution provides that no bill shall contain more than one subject-matter, which shall be expressed in its title. The subject-matter of the act being considered is the creation of a school district. It was not intended by this provision to require that every provision regulating the subject-matter of the bill should be stated in the title.

Believing that we have discussed the material questions presented by this appeal, and having considered all propositions and assignments, we overrule them and affirm the judgment of the trial court.