CERNOCH et ux. v. COLORADO COUNTY
et al.

No. 9792.

Court of Civil Appeals of Texas. Galveston.

March 3, 1932.

Milton Green and Jos. V. Frnka, both of Columbus, for appellants.

Chas. D. Rutta, C. R. Grobe, and G. H. Miller, all of Columbus, for appellees.

GRAVES, J.

Colorado county, through its commissioners' court, acting pursuant to and strictly following the procedural requisites of R. S. articles 3264–3266, and article 6674n, as amended by the Acts 41st Legislature (1929), 3d Called Sess., c. 10, § 1, as amended by Acts 41st Leg. (1930) 5th Called Sess., c. 79, § 1 (Vernon's Ann. Civ. St. art. 6674n), and article 1, § 17, of the state Constitution, condemned 2½ acres of appellants' land in that county in behalf of the state of Texas and its highway commission, as a right of way for State Highway No. 71; thereupon, after the county had duly deposited double the amount of the damages awarded the owners, the highway commission entered into possession of the tract and began exercising its assumed right thereto as a part of such highway by removing fences from, grading, building bridges on, and otherwise so utilizing it; the appellants then—as ancillary to a suit they had previously filed against the county for the title to the land—further petitioned the court: "To grant them a temporary writ of injunction restraining Defendant, Colorado County, and its Commissioners Court, as hereinbefore named, and its agents and representatives, from further interfering, harrassing, and threatening the plaintiffs and their tenants in the free and lawful possession and enjoyment of the premises hereinbefore

described, or doing anything with reference thereto."

The relief thus sought having been refused below, they come here upon this assignment: "The Court erred in refusing to grant the temporary writ of injunction, because there is no valid law in the State of Texas whereby Appellees could by condemnation 'condemn and take the land of Appellants for right of way for state highway purposes' and appropriate, or permit the same to be appropriated, for and by the State Highway Commission of the State of Texas, or the State Highway Department of the State of Texas, or the State of Texas."

■■ In the first place, the application for the writ seems abortive, in that its purport is that the state highway commission, which, under the law, has general control over the highway involved, and which is not a party to the suit, has taken possession of the land upon the conclusion of such condemnation proceedings by the county and is committing all the trespasses alleged, whereas the restraint is only asked against the county; the bill was therefore subject to the special exception pointing out the want of a necessary party, and, the judgment refusing the injunction being a general one without assignment of particular reasons for that action, an affirmance should follow upon that ground alone. King v. Schaff (Tex. Civ. App.) 204 S. W. 1039.

However, this court is unable to agree to the soundness of appellants' single assignment, concluding rather that a valid law did exist, authorizing the appellee to so condemn the land for state highway purposes; while more extended than is desirable, this portion of appellee's brief on that question—changed only as to immaterial details—is adopted as expressive of our own views:

"The 39th Legislature at its Regular Session (1925), pages 456–459, chap. 186 of its Acts (Vernon's Ann. Civ. St. art. 6674a et seq.), passed an act, captioned as follows: 'An Act to provide for the construction and maintenance of a State Highway System under the direct control of the State Highway Department and with appropriations out of the State Highway Fund; authorizing the commissioners' court of any county to grant aid for the improvement by the State Highway Department of any section or sections of said highway system located in said county; regulating the manner of paying such aid; regulating the making of contracts by the State Highway Department for the improvement of said Highway System; authorizing the condemnation of materials to be used in the improvement of a State Highway and of land for rights-of-way; declaring the invalidity of any provision of this Act shall not affect the validity of any other provision; repealing all laws and parts of laws in direct conflict with this Act, and declaring an emergency.'

"Section 14 of this act, giving to the state highway commission the authority to condemn land for state highway purposes, is as follows: 'Whenever, in the judgment of the State Highway Commission, the use of any timber, earth, stone, gravel, or other material, convenient to any road being constructed or maintained under the provisions of this Act will facilitate such construction or maintenance or whenever in the judgment of said commission it is necessary or expedient to construct or reconstruct any such road over a new or wider right of way, the State Highway Commission shall have the right to use any such materials most convenient to such roads and to acquire such land or lands for the public use and benefit as may be necessary for the new or wider right of way. In such cases the owner of such materials or land shall be paid therefor out of the State Highway Fund. Provided, that should the owner of such land or materials and the State Highway Commission fail to agree upon the amount to be paid therefor, then the Attorney General at the request of the State Highway Commission shall proceed to condemn the same for and on behalf of the State of Texas in the same manner as near as may be that commissioners' courts of certain counties may condemn materials under the provisions of Article 6894 and 6895, Title 119, Revised Statutes, 1911, such condemnation proceedings to be held in the county in which such material or land so to be condemned may be situated. The highway commission's portion of the expense of such proceedings shall be paid out of the State Highway Fund.'

"Section 14 of such act was amended by the 41st Legislature (1929) at its 3d Called Session, Chap. 10, § 1, page 243 of its acts, the caption of which is as follows: 'An Act to correct the reference to Articles 6894 and 6895 in Section 14, Chapter 186, Acts of the Thirty-ninth Legislature, and making same refer to Articles 6984 and 6985; conferring authority on Commissioners Courts to acquire new or wider right-of-way or land for material or borrow pits; prescribing regulations relative thereto; and declaring an emergency.'

"Section 14 is then re-enacted in the same words as in the original act, except the Legislature, as stated in its caption, corrected the reference to articles 6894 and 6895, so as to make same refer to articles 6984 and 6985, as the Legislature intended at the time of the passage of the original act, and also added the following paragraph to section 14, giving commissioners' courts authority to condemn on behalf of the state for state highway purposes, to wit: 'Any Commissioners' Court is hereby authorized to secure by purchase or by condemnation on behalf of the State Highway Commission such new or wider right of way or land or lands for material or borrow pits and to pay for such lands

out of the County Road and Bridge Fund or out of any Special Road Funds as may be provided by law. The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners' Court the plats or field notes of such right-of-way or land as may be required after which the Commissioners' Court may and is hereby authorized to purchase or condemn with title to the State Highway Department in accordance with such field notes and to pay for same as provided in this Act.'

"It will be noticed that the emergency clause of this amended act states that same corrects an error in section 14 of the previous enactment. Articles 6984 and 6985 of the Revised Statutes of 1911, referred to in these enactments, authorizing counties to condemn materials for road purposes, state that the procedure therefor shall be the same as if the proceedings were instituted by a railroad company. The laws governing condemnation by railroad companies are contained in articles 3264–3268 of the Revised Statutes of 1925, which articles were also embraced in the Revised Statutes of 1911, as articles 6506–6530.

"Section 14 of this act was again amended by the 41st Legislature (1930), at its 5th Called Session, chap. 79, § 1, page 243 (Vernon's Ann. Civ. St. art. 6674n), the caption of which reads as follows: 'An Act to amend Section 1 of Chapter 10 of the Acts of the Third Called Session of the Forty-First Legislature, and declaring an emergency.'

"Section 14 was thereby amended to read as follows:

" 'Section 1. Section 1 of Chapter 10 of the Acts of the Third Called Session of the Forty-first Legislature is hereby amended so as to read as follows:

" 'Section 1. Section 14 of Chapter 186 of the General Laws of the Regular Session of the Thirty-ninth Legislature is hereby amended so as to read as follows:

" 'Section 14. Whenever in the judgment of the State Highway Commission the use or acquisition of any land, for road right-of-way purposes, timber, earth, stone, gravel, or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened, or lengthened by the State Highway Commission, the same may be acquired by purchase or by condemnation by the State of Texas. Provided that should the owner of such land for road right-of-way purposes, or such materials, and the State Highway Commission, or its representatives, fail to agree upon the amount to be paid therefor, then the Attorney General, at the request of the State Highway Commission, shall proceed to condemn the same for and on behalf of the State of Texas in the manner provided for condemnation of lands by the State of Texas in Title 52, Articles 3264 to 3271, inclusive, of the Revised Civil Statutes of 1925. The Highway Commission's portion of the expense of such proceedings shall be paid out of the State Highway Fund. Provided that the county in which the state highway is located may pay for same out of the county road and bridge fund, or any available county funds.

" 'Any Commissioners' Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas any new or wider right-of-way or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of state highways, and to pay for same out of the county road and bridge fund, or out of any special road funds or any available county funds. The State Highway Commission shall be charged with the duty of furnishing to the county commissioners' court the plats or field notes of such right-of-way or land and the description of such materials as may be required, after which the commissioners' court may, and is hereby authorized to purchase or condemn same, with title to the State of Texas, in accordance with such field notes. Provided, that in the event of condemnation by the county the procedure shall be the same as that set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of 1925. Provided that when condemnation proceedings are instituted, either by the Commisioners' Court of the County or the State Highway Commission, that such proceedings shall be instituted in the County where the land lies and venue is hereby fixed in such county.'

■ "In order to determine whether or not either of these acts is violative of article 3, § 35, of the Constitution, it must be remembered that it has been many times held by the appellate courts that a reference to an article in a Code, such as the Revised Statutes, is sufficient in the title of an act amendatory thereof to allow any amendment germane to the subject treated in the articles referred to; the reason therefor being that the naming of the article or law to be amended directs the attention of the legislators to all of the provisions therein, as the subject of the amending act, and that such provisions can be ascertained by reading the articles to be amended. The following authorities are cited in support thereof: English & Scottish-American Mortgage & Inv. Co. v. Hardy, 93 Tex. 289, 55 S. W. 169, 171; Gunter v. Mortgage Co., 82 Tex. 496, 17 S. W. 840; State v. McCracken, 42 Tex. 384; State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912; Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S. W. 589, affirmed (Tex. Sup.) 31 S. W. 358; Nichols v. State, 32 Tex. Cr. R. 391, 23 S. W. 680.

"In connection with the above, we quote the following from the case of Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S. W. 589, 591, to-wit: 'The "Revised Statutes" of this state is a body of civil statutes passed by the legislature, known and designated as the "Revised Statutes" (Rev. St. final tit. § 2). They are divided into titles, chapters, and articles, by which each enactment may be easily found and identified. We think that when they are so designated in the title of an act amendatory of them they are sufficiently identified, and such identification is a compliance with section 35, art. 3, of the constitution, and we think that this is the holding of the supreme court of the state in the Gunter case, above cited. We therefore conclude that the act of 1883 was not unconstitutional, upon the ground that it was violative of the provision of the constitution.'

"It was held in the case of Shipley v. Floydada Independent School District (Tex. Com. App.) 250 S. W. 159, that where an act is amended as to only one section, the original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, while the new provisions are to be construed as having been enacted at the time the amendment took effect. In other words, it was plainly held in that case that a section of an act may be amended, without re-enacting the entire legislative act. It was also held in that case that when new provisions are introduced into a statute by amendment, the amended act and all its sections, new and old, must be construed as a harmonious whole. With this in view, and under the holding of the courts as above shown, the contention seems unsustained that these acts of the Legislature, or either of them, are violative of the above Section of the Constitution.

"Appellants lay great stress upon the incorrect reference to articles 6894 and 6895, Title 119, Revised Statutes of 1911, but if the court will refer to those articles, it will be seen that they deal with matters foreign to the subject-matter of the original act and its amendments. Taking the subject-matter of the act as a whole, providing for the construction and maintenance of state highways under the control of the state highway commission, and especially wherein it is provided that the commission shall proceed to condemn the land 'in the same manner as near as may be that Commissioners' Courts of certain counties may condemn materials,' the intention of the Legislature is revealed that they intended to refer to articles 6984 and 6985, which deal with condemnation of materials by commissioners' courts. It is a familiar rule that the court, in construing an act of the Legislature, must ascertain the intention of the Legislators in the framing and passage of the law.

"In 25 R. C. L., § 157, page 705, we find the following language: 'It has been held that where a reference in an amendatory act to the section of the act amended is plainly a mistake, and that it was clearly intended to amend another section, the amendatory act is not invalid; for the intention of the legislature should govern, and clerical mistakes should be disregarded.' * * *

"See, also, 3 Supplement to R. C. L. page 1433, section 160, subdivision 14a, and the following Texas authorities: Frass v. Darrouzett Ind. School Dist. (Tex. Civ. App.) 277 S. W. 751–753; State v. Gunter, 36 Tex. Civ. App. 381, 81 S. W. 1028.

"It may be added that the intention of the 39th Legislature to then refer to the correct articles (6984 and 6985) is made clear, in view of its thereafter passing the amendatory act plainly stating that the reference to the incorrect articles had been error on its part, and that it had been its intention to refer to the correct ones.

"So that, under the original act of the 39th Legislature and the amendment of the 3d Called Session of the 41st Legislature correcting reference thereto, article 6984 and 6985 of the Revised Statutes of 1911 were brought forward and incorporated into such act by adoption, for it has been clearly held that a statute may adopt the provisions of a former act by a general reference thereto, without publishing same at length: Fischer v. Simon, 95 Tex. 234, 66 S. W. 447, 882; Quinlan v. Houston & T. C. Ry. Co., 89 Tex. 356, 34 S. W. 738; Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395–398.

"For the final title of the Revised Statutes of 1925, by section 21 thereof, expressly provides 'that nothing in this Act shall be construed to repeal or in anywise affect the validity of any law passed by this legislature in its regular session,' and by section 24, the effective date for such statutes is fixed as September 1, 1925. * * *

"That the caption of the act of the 3d Called Session of the 41st Legislature is not violative of article 3, § 35, of the Constitution, that the act is valid, and fully authorizes the commissioners' court to act for and on behalf of the state in condemnation proceedings for state highway purposes, we refer to the case of Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S. W. 589, which was affirmed and fully approved by the Supreme Court in 31 S. W. 358.

"See, also, Fahey v. State, 27 Tex. App. 146, 11 S. W. 108, 109, 11 Am. St. Rep. 182.

"Neither can it be successfully contended that the act of the 5th Called Session of the 41st Legislature is violative of article 3, § 35 of the Constitution, even if section 14 of the original act and that part thereof as embraced in the act of the 3d Called Session of the 41st Legislature (not including the added

paragraph) were unconstitutional, since such original act and the first amendatory act thereof may be referred to as a whole to support the last amendatory act, including the caption thereof. English & Scottish-American Mortg. & Inv. Co. v. Hardy, 93 Tex. 289, 55 S. W. 169, at page 172."

Neither was the appellee's challenged omission to file a bond as provided in preexisting article 3268 objectionable, since the 41st Legislature at its 4th Called Session (1930), c. 37, § 1 (Vernon's Ann. Civ. St. art. 3268), eliminated that requirement.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the trial court's judgment has accordingly been affirmed.

Affirmed.