## LOWE et al. v. COMMISSIONERS' COURT OF VAL VERDE COUNTY et al.

### No. 9438.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1934.

Rehearing Denied March 14, 1934.

John L. Dodson and Robt. M. Lyles, both of Del Rio, for appellants.

W. P. Wallace, Jr., of Del Rio, T. S. Christopher, James V. Allred, and J. A. Stanford, Jr., all of Austin, and Roger Thurmond, of Del Rio, for appellees.

MURRAY, Justice.

H. J. Lowe and six other resident citizens of Val Verde county, who are the appellants herein, petitioned Hon. Brian Montague, judge of the Sixty-Third judicial district of Texas, which district includes Val Verde county, for a temporary injunction to restrain the commissioners' court of Val Verde county from expending county funds in the purchase of certain lands to be used as a part of the right of way of state highway No. 3.

The right of the commissioners' court to so expend funds of the county is found in the provisions of chapter 79, Acts of the 41st Legislature, Fifth Called Session, printed at page 243, also known as Senate Bill No. 82. Appellants contend that this act of the Legislature violates section 35, article 3, of the Constitution, in so far as the same purports to authorize counties to pay for right of ways out of the road and bridge fund, any special road fund, or any other available fund, for the reason that the caption of said act is insufficient to give notice of an intention to pass such legislation.

The trial judge, in his fiat, wherein he denied the relief sought, wrote a very full and learned discussion of the law governing this case, which reads as follows:

"The foregoing petition having been presented to me, upon consideration thereof, it is ascertained that there is involved the sufficiency of certain legislative enactments purporting to be those under which the threatened action or contemplated action of the Commissioners Court of Val Verde County is and will be based.

"As regards Chapter 186, of the Acts of the 39th Legislature, Regular Session, page 456, it is observed that the general purpose of the legislation was to make adequate provision 'for the construction and maintenance of a State Highway system under the control of the State Highway Department.'

"The above and foregoing is deemed to be the essential and controlling subject of the Legislation contemplated.

"Enumerated in the caption as a part of the detailed provisions to accomplish this general object are found, among others, the following:

"(a) Authorizing the Commissioners Court of any county to grant aid for the improvement of the State Highway Department of any section or sections of said highway in said county.

"(b) Regulating the manner of paying such aid.

"(c) Authorizing the condemnation of materials to be used in the improvement of said highway system.

"Relative to the body of the enactment these provisions just quoted, as being in the caption, are elaborated upon with sufficient and minute detail.

"In Section 14 of said Chapter 186, the Acts of the 39th Legislature, is found an obviously erroneous reference to the Articles of the Revised Statutes applicable in condemnation proceedings which necessitated an amendment, and this was effected in Section 1 of Chapter 10, page 243 Acts of the 41st Legislature, Third Called Session.

"The caption of this last legislation, in addition to the stated purpose of correcting the erroneous reference to the applicable statutes, contains the following:

"(a) Conferring authority on Commissioners Courts to acquire new or wider right of way or land for material or borrow pits.

"(b) Prescribing regulations relative thereto.

"The body of the Act relevant to these provisions of the caption last quoted is in this language:

" 'Any commissioners court is hereby authorized to secure by purchase or condemnation on behalf of the State Highway Commission such new or wider right-of-way or land or lands for material or borrow pits, and to pay for such lands out of the county road and bridge fund, or out of any special road funds as may be provided by law.

" 'The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners Court the plat or field notes of such right-of-way, or land, as may be required, after which the Commissioners Court may and is hereby authorized to purchase or condemn with title to the State Highway Department in accordance with such field notes, and to pay for same as provided in this Act.'

"Obviously, the caption of this Act specially provides that the Commissioners Court shall be expressly empowered to do the very things the complainants herein assert that they lack the power to do; and the body of the Act, in addition to the provision carrying out the expressed purpose of granting the Commissioners authority to acquire 'new or wider right-of-way,' likewise makes effective the second quoted purpose of the caption,. 'prescribing regulations relative thereto,' by empowering that court to acquire such new or wider right-of-way, etc. 'by purchase or condemnation,' and authorizing payment therefor, out of the road and bridge fund or any special road funds as may be provided by law.

"The foregoing enactment was again amended by Section 1, Chapter 79, page 243. Acts of the 41st Legislature, Fifth Called Session, the caption to which is:

" 'An Act to amend Section 1 of Chapter 10, the Acts of the Third Called Session of the 41st Legislature, and declaring an emergency.'

"In substance, the body of this Act is practically the same as that enacted by the Third Called Session of the same Legislature, except that the source from which the Commissioners Court was authorized to pay for the new or wider right-of-way etc. was enlarged, and in this Act of the Legislature such court was authorized to pay therefor.

" 'Out of the county road and bridge fund or out of any special road fund or any available county funds.'

"The law under which the Commissioners Court of Val Verde County is presumed to be acting, in the light of the allegations made in the bill of complaint, is the foregoing unless Chapter 207 of the Acts of the 43rd Legislature [Vernon's Ann. 'Civ. St. art. 6674n] is applicable.

"In as much as in the caption of this last mentioned Act, and twice in the body thereof, the purpose of that enactment is stated to be the acquisition of a right-of-way for stream bed diversion, and the complaint before the Court is devoid of any allegation that there is any stream bed diversion involved in the proposed or threatened act of the Commissioners Court, it is not deemed that this last Act of the Legislature, just referred to, is in any sense relevant or applicable.

"It seems too clear for argument that Chapter 186 of the Acts of the 39th Legislature, and Chapter 10 of the Acts of the 41st Legislature, Third Called Session, are both impervious to the attack herein made upon them by complainants. It is hardly conceivable how these acts could have more fully complied with the demands of section 35 of art. 3 of the Constitution.

"As regards Chapter 79 of the Acts of the 41st Legislature, Fifth Called Session, a sufficient answer to the allegations made by the complainants is to be found in the opinion of the Court of Civil Appeals in the case of Cernoch v. Colorado County, 48 S.W.(2d) 470, where it is said:

"'It has many times been held by the Appellate Courts that a reference to an article in the Code such as the Revised Statutes, is sufficient in the title of an Act amendatory thereof, to allow any amendment germane to the subject treated in the articles referred to. * * *'

"The caption of that Act reading: 'An Act to amend Section 1 of Chapter 10 of the Acts of the Third Called Session of the 41st Legislature, and declaring an Emergency' under the rules stated in the Cernoch Case is assuredly sufficient to give vitality to this last mentioned Act of the Legislature.

"Appropriate to sustain the validity of Chapter 79, Acts of the Fifth Called Session of the 41st Legislature, is the language of Justice Collard in the case of Johnson v. Martin, 75 Tex. 40, 12 S. W. 321.

"'Appellee, by cross assignment, insists that this section (Sec. 8 of the Acts approved April 19, 1879) is in violation of Art. 3, Sec. 35 of the Constitution, which provides. * * * The Act of 1879 is 'An Act to amend an Act, etc., giving the title of the Act of 1875.' * * * Mr. Dillon in discussing this provision of the Constitution says:

"'This provision has been frequently construed to require only the general or ultimate object to be stated in the title; and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable although not especially indicated in the title. 1-Dillon Mun. Corp. 28. The foregoing has been practically adopted in this state. Ex parte Mabry, 5 Tex. App. 93, Cox v. State, 8 Tex. App. 254, 34 Am. Dec. 746. The provisions of the Act said not to be embraced in the title are necessary to the enforcement of the main object of the law.' ·

"In Fry v. Johnson (Tex. Civ. App.) 264 S. W. 612, at page 618, it is said:

"'That Sec. (35 of Art. 3) merely requires the subject of the proposed Act to be expressed in the title or caption; the details and machinery for effectually aiding the object of the bill need not be expressed.'

"These authorities are ample to hold that the caption of Chapter 79 of the Acts of the Fifth Called Session of the 41st Legislature sufficiently meets the Constitutional requirements; and that Chapter 10 of the Acts of the Third Called Session of the 41st Legislature, which it amends, as does the latter Chapter 186 of the Acts of the 39th Legislature, are therefore not subject to the attack made. The case of Davey v. Galveston County, 45 Tex. 291, is directly in point, and in that case Judge Moore says:

"'The Act embraces, as we think, but one leading subject.'

"'All its provisions are subsidiary to and legitimately connected with, and tend to effect and enforce, this main object, which is sufficiently, clearly and definitely expressed in the title. Here, although the subsidiary provision is not expressed, it is legitimately connected with the main subject and tends to effect and enforce the main object of the law.'

"This language was itself quoted with approval by Chief Justice Gaines in Snyder v. Compton, 87 Tex. 377, 28 S. W. 1061.

"It is deemed Chapter 186 of the Acts of the 39th Legislature has, in the language of Judge Moore, but one leading object, and that all of its provisions are subsidiary thereto, legitimately connected therewith, and tend to effect and enforce this main object, and that this general subject, together with its subsidiary provision to make effective the main object is sufficiently carried forward in each of the succeeding legislative enactments amendatory thereof.

"The complainants not having shown themselves entitled to the equitable relief prayed for, the application for a temporary injunction is therefore in all things refused and denied."

We agree with the above statement of the law in this case and conclude that the temporary injunction was properly refused.

The judgment is affirmed.