

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 10, 1963

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas

Opinion No. C-106

Re: Construction of Senate
Bill 318, Acts of the
58th Legislature, Regu-
lar Session, relating
to the removal of the
ex officio membership
of the Attorney General
on various State boards
and commissions.

Dear Mr. Sadler:

You have requested our opinion on the construction
of Senate Bill 318, Acts of the 58th Legislature, Regular
Session, wherein the Attorney General is removed from the
School Land Board as an ex officio member. Your specific
questions concern the language of Section 5 of the Act where-
in it states that paragraph 5 of Section 5 of page 465, Acts
of the 46th Legislature, Regular Session, 1939 (codified as
Article 5421c-3, Vernon's Texas Civil Statutes) is amended,
in view of the fact that paragraph 5 refers to the meetings
of the School Land Board, whereas paragraph 3 refers to the
membership of the School Land Board. Your specific ques-
tions are as follows:

"(1) Can either School Land Board
officially act after the effective date of
Senate Bill 318?

"(2) If so, which Board has the
authority to act?

"(3) When should the Board meet and
how should it select a secretary that is
authorized to certify as to the official
minutes of the Board?"

The School Land Board was created by the provisions of
Section 5 of House Bill 9, Acts of the 46th Legislature, Regu-
lar Session, 1939, Chapter 3, page 465, at page 475, which
was an Act amending House Bill 358, Acts of the 42nd Legisla-
ture, Regular Session, 1931, Chapter 271, page 452. Section 5
of the 1939 Act was codified in Vernon's as Article 5421c-3,

-519-

Vernon's Civil Statutes.   Paragraphs 3, 5 and 6 thereof read as follows:

"3.   There is hereby created a board to be known as the School Land Board, and to be composed of three (3) members, namely:   the Commissioner of the General Land Office, who shall be chairman, the Governor and the Attorney General."

"5.   The School Land Board shall meet on the first and third Tuesday of each month in the General Land Office, where its sessions shall be held and continued until its docket is cleared, subject to recesses at the discretion of the Board. The Board shall select a secretary who shall be nominated by the Commissioner of the General Land Office and approved by a majority of the Board.   The Commissioner of the General Land Office is authorized to employ other employees which may be necessary for the discharge of the duties of the Board, and particularly is authorized to employ a geologist and mineralogist, who shall keep informed with reference to the minerals on public school lands and all activities under pending applications and previous leases and sales, and shall report to the Board all information obtained with reference thereto. The employees of the Board shall be deemed to be employees of the General Land Office, and all civil and criminal laws regulating the conduct and relations of the employees of the General Land Office shall apply in all things to the employees of the Board.

"6.   The School Land Board shall keep a record of its proceedings to be called its minutes which shall include a docket on which the secretary shall enter all matters to be considered by the Board, the minutes and docket to be subject to inspection by any citizen of Texas desiring to make an examination thereof on payment of such fees as may be prescribed by law for the examination of other Land Office records, the examination to be in all cases in the presence of the secretary of the Board or some

clerk designated for that purpose as pre-
scribed by law.  All records and proceedings
of the Board shall be records and archives
of the General Land Office."

It is noted by the above quoted provisions that
paragraph 3 of Article 5421c-3, V.C.S. (paragraph 3 of
Section 5 of House Bill 9, Acts of the 46th Legislature,
Regular Session, 1939, Chapter 3) creates the School Land
Board and provides for its membership; whereas, paragraph
5 of Article 5421c-3 provides for the meeting of the School
Land Board, the selection of a secretary and the employ-
ment of other employees.

The title or caption of Senate Bill 318, Acts of
the 58th Legislature, Regular Session, reads as follows:

"AN ACT removing the Attorney General from the
Board for Lease of Eleemosynary and State
Memorial Lands, the Boards for Lease of
Lands owned by state agencies, Boards or
agencies of the State of Texas, the Board
for Lease of Texas Prison Lands, the Board
for Lease of State Parks Lands, the School
Land Board, the Board to sell judgments
which cannot be collected, the State De-
pository Board, the State Tax Board, the
Executive Committee of the Texas Traffic
Safety Council, the State Board of Trustees
for the Employee's Retirement System of
Texas, the State Banking Board, the State
Board of Canvassers, the Council to expend
certain license fees and hunting-boat regis-
tration fees and certain fines, the Study
Committee to study the development of cer-
tain Texas beaches; providing for member-
ship on said Boards or other agencies in
lieu of the Attorney General; providing
for the expenses of citizen members re-
placing the Attorney General on said
Boards or agencies; amending Article 120
of Subchapter 8 of Chapter 492, Acts of
the 52nd Legislature, Regular Session, 1951,
relating to the opening and counting of cer-
tain election returns by the Secretary of
State in the presence of the Governor or
Attorney General, by substituting in the
place of the Attorney General, a citizen
of the state to be appointed by the Gover-
nor with the advice and consent of the

Senate, who shall serve for a term of
two (2) years; amending Article 4412 of
the Revised Civil Statutes of Texas, 1925,
by requiring designated assistant attorneys
general to attend meetings of these Boards
or Commissions upon which the Attorney Gene-
ral formerly served as an ex officio member
as of the effective date of this Act; pro-
viding for severability; and declaring an
emergency."   (Emphasis added)

The emergency clause of Senate Bill 318, Acts of
the 58th Legislature, Regular Session, the same being
Section 20, reads as follows:

"Sec. 20.   The fact that the primary
function of the Attorney General is to rep-
resent the state in all matters where legal
advice or judicial proceedings may be re-
quired, and the fact that his ex officio
duties curtail his availability to act as
counsel to these Boards and in many instances
place him in the position of making a par-
ticular decision as an ex officio member and
then subsequently having to defend such action
in court create an emergency and an imperative
public necessity that the Constitutional Rule
requiring bills to be read on three several
days in each House be suspended, and said Rule
is hereby suspended; and that this Act shall
take effect and be in force from and after
its passage, and it is so enacted."

A study of the title and emergency clause discloses
that it was the intent of the Legislature to remove the ex
officio membership of the Attorney General from various State
boards and commissions, including the ex officio membership
on the School Land Board.  Furthermore, the title limits the
provisions of Senate Bill 318 to the removal of the ex officio
membership of the Attorney General on various State boards
and commissions, and provisions necessarily germane thereto.
Section 35 of Article III of the Constitution of Texas; Board
of Water Engineers v. City of San Antonio, 155 Tex. 111, 283
S.W.2d 722 (1955).

Thus, while the title authorizes an amendment to paragraph 3 of Article 5421c-3, it does not authorize an amendment to paragraph 5 of Article 5421c-3, V.C.S., nor does it authorize the creation of an additional School Land Board.  Furthermore, a reading of all the provisions of Senate Bill 318 reveals that it was the intention of the Legislature to amend paragraph 3 rather than paragraph 5.

Section 5 of Senate Bill 318, Acts of the 58th Legislature, Regular Session, reads as follows:

> "Sec. 5.  Paragraph 5 of Section 5 of page 465, Acts of the 46th Legislature, Regular Session, 1939 (codified as Article 5421c-3 of Vernon's Texas Civil Statutes) is amended to read as follows:
>
> "'5.  There is hereby created a Board to be known as the School Land Board, and to be composed of three (3) members, namely: the Commissioner of the General Land Office, who shall be chairman, the Governor and one (1) citizen of the state, appointed by the Attorney General with the advice and consent of the Senate, who shall serve for a term of two (2) years.'"  (Emphasis added)

In Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711 (1961), it is stated:

> "The intention of the legislature in enacting the statute must be ascertained from the language of the statute itself. When that intention has been ascertained by the court, it is our duty to enforce such intent.  . . ."

In Patterson v. City of Dallas, 355 S.W.2d 838, 844 (Tex.Civ.App. 1962, error ref. n.r.e.) the Court stated:

> ". . . It is a fundamental rule of statutory construction that words or phrases in a statute may be supplied, omitted or transposed in order to arrive at legislative intent and an interpretation should not be adopted that would thwart the legislative intent or lead to absurdity, injustice, or uncertainty if such construction can reasonably be avoided.  Rogers v. Dallas Ry. & Terminal Co., Tex.

Civ.App., 214 S.W.2d 160, affm. 147 Tex. 617,
218 S.W.2d 456; Hargrave v. Texas & P.Ry.Co.
(Tex.Com.App.), 12 S.W.2d 1009; Tone v. City
of Denison (Tex.Civ.App.), 140 S.W. 1189; Roby
v. Hawthorne (Tex.Civ.App.), 84 S.W.2d 1108."

Likewise, in Wood v. State, 133 Tex. 110, 126 S.W. 2d 4, 7 (1939), it is stated:

"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. Also, statutes should never be given a construction that leads to uncertainty, injustice, or confusion, if it is possible to construe them otherwise. 39 Tex.Jur., p. 176 et seq., and authorities there cited. . . . "

In 39 Tex. Jur., 186, Statutes, Sec. 98, it is stated:

". . . obvious errors or mistakes of a clerical, grammatical or typographical nature may be disregarded. Thus an incorrect reference in an amendatory statute, to the act or section amended, may be disregarded where the clear intent of the Legislature was to amend another act or section." See also the cases there cited: Cernock v. Colorado County, 48 S.W.2d 470 (Tex. Civ.App. 1932) quoting 25 Ruling Case Law, Sec. 157, p. 705; Frass v. Darrouzett Ind.School Dist., 277 S.W. 751 (Tex.Civ.App. 1925, error dism.); State v. Gunter, 81 S.W. 1028 (Tex.Civ.App. 1904 error ref.)

In view of the foregoing, you are advised that it is our opinion that the phrase "Paragraph 5" contained in Section 5 of Senate Bill 318, Acts of the 58th Legislature, Regular Session, refers to paragraph 3 of Article 5421c-3, Vernon's Civil Statutes, rather than paragraph 5 thereof. It follows that paragraph 5 of Section 5 of House Bill 9,

Acts of the 46th Legislature, Regular Session, 1939, Chapter 3, page 465 at page 475, remains unchanged and is not affected by the provisions of Senate Bill 318.

Answering your questions categorically, the School Land Board, created by the provisions of House Bill 9, Acts of the 46th Legislature, Regular Session, Chapter 3, page 465, as amended by Senate Bill 318, Acts of the 58th Legislature, has the authority to officially act after the effective date of Senate Bill 318. Such Board should meet as provided in paragraph 5 of Section 5 of House Bill 9, Acts of the 46th Legislature, Regular Session, codified in Vernon's as paragraph 5 of Article 5421c-3, and the School Land Board is authorized to select a secretary as provided for therein. The secretary of the School Land Board shall keep a record of the proceedings to be called its minutes, which shall include a docket on which the secretary shall enter all matters to be considered by the Board. Article 5421c-3, paragraph 6, V.C.S.

## S U M M A R Y

Senate Bill 318, Acts of the 58th Legislature, Regular Session, removes the ex officio membership of the Attorney General from the School Land Board. Section 5 of Senate Bill 318 amends paragraph 3 of Section 5 of House Bill 9, Acts of the 46th Legislature, Regular Session, Chapter 3, codified in Vernon's as paragraph 3 of Article 5421c-3, Vernon's Civil Statutes, rather than paragraph 5 of Article 5421c-3 of Vernon's Civil Statutes. Paragraphs 5 and 6 of Article 5421c-3 remain unchanged.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*
John Reeves
Assistant

JR:ms:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
W. O. Shultz
V. F. Taylor
Mary K. Wall

APPROVED FOR THE ATTORNEY GENERAL
BY:   Stanton Stone