WOMACK & STURGIS V. JOHN GARDNER ET AL.

No. 1241.

1. **Title of Act—Amendments.**—Chapter 110, Laws Eighteenth Legislature, page 113, approved April 14, 1883, is entitled, "An Act to amend title 32, chapter 17, of the Revised Statutes of the State of Texas, by adding thereto articles 1639a and 1639b." This sufficiently identifies the article, the title, and the body of laws amended; and is a compliance with section 35, article 3, of the Constitution, requiring the subject of the act to be expressed in its title.

2. **Amendment—Section 36, Article 3, of Constitution**—Nor is said amendment, chapter 110, Laws Eighteenth Legislature, violative of article 3, section 36, of the Constitution, prescribing, that "No law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at large." This provision only requires that the new statute shall set forth the amended statute as amended or revived and not that the statute amended should be copied as it before stood. The sections added are complete in themselves, and amendatory of the act referred to.

3. **Same—Same—Appeal by Pauper's Oath.**—Chapter 122, Laws Twentieth Legislature, page 113, April 2, 1887, entitled "An act to amend article 1639a of an act to amend title 32, chapter 17, of the Revised Civil Statutes of the State of Texas, approved April 14, 1883," is not violative of sections 35 or 36, article 3, of the Constitution. Under said act (chapter 122) appeals could be taken by appellant proving inability to pay the costs, or any part thereof.

4. **Description—Immaterial Error.**—In the affidavit of inability to pay costs filed in lieu of appeal bond, the judgment was described correctly as to the court, the parties, and nature of litigation, but gave the amount as $99.90, instead of $99.09, as it appeared in the transcript. This was no ground for dismissal of the appeal. It is clear that the amount stated was a mistake which could be corrected by the judgment itself.

5. **Time Within Which Affidavit in Lieu of Appeal Bond Must be Filed.** If the affidavit and proof of inability to pay costs be filed in the Justice Court within ten days after the rendition of the judgment, it is sufficient. It is not required that the affidavit or proof of inability state the date of the judgment, and an error in stating the date would not defeat the appeal actually perfected by filing the affidavit and proof within ten days from date of the judgment.

APPEAL from County Court of Williamson County. Tried below before Hon. D. S. CHESHER.

*R. L. Penn,* for appellant.—The Act of April 14, 1883 (General Laws of Texas, Regular Session Eighteenth Legislature, page 113), as amended by the Act of April 2, 1887 (General Laws of Texas, Twentieth Legislature, page 113), providing for appeals from Justice Courts to the County Court in forma pauperis, is unconstitutional and void, for the reason that the subject of said Act of April 14, 1883, was not expressed in its title, and for the additional reason, that said act was an amendment of chapter 17, title 32, of the Revised Statutes of Texas, by reference to its title, without re-enacting said chapter and publishing the same at length; and the appeal in this case having been prosecuted under the provisions of said act, and no appeal bond having been given, the appeal to the County Court should have been

dismissed. Const., art. 3, secs. 35, 36; Rev. Stats. 1879, title 32, chap. 17; Gen. Laws 18th Leg., p. 113; Gen. Laws 20th Leg., p. 113; Gunter v. Land and Mort. Co., 82 Texas, 502; Cool. Const. Lim., 181–183; The People v. Mahoney, 13 Mich., 497; The State v. Trenton, 53 N. J. L., 570; 23 Am. and Eng. Encyc. of Law, 278, note 5.

COLLARD, ASSOCIATE JUSTICE.—This suit was originally brought in the Justice Court of Precinct No. 6 of Williamson County, a garnishment proceeding, by which appellants sought to subject to payment of a debt due them by T. J. Inman a debt claimed to be due by appellee Garner to Inman. The writ of garnishment was issued November 6, 1893, and served on Garner November 8, 1893. Garner answered the writ December 5, 1893, admitting an indebtedness to T. J. Inman in the amount of $200. Missouri Inman, joined by her husband, intervened, by leave of the court, claiming that the debt garnished due by Garner was her separate property. The case was tried by the justice of the peace December 12, 1893, who, on the same day, rendered judgment for appellants, Womack & Sturgis, against Garner for $99.09, being the amount of the judgment rendered the same day in their favor against T. J. Inman, and all costs in garnishment and the main suit and the plea in intervention. The Inmans appealed to the County Court, filing pauper's oath in lieu of a bond, on the 18th day of December, 1893. The cause in the affidavit is styled "Womack & Sturgis v. John Garner, garnishee," as in the cause tried, and states that affiants "were intervenors and party defendants in cause No. ——, wherein Womack & Sturgis were plaintiffs and John Garner was defendant, suit pending before George R. Scott, justice of the peace of precinct No. 6 of Williamson County, Texas, on the 9th day of December, 1893, wherein a judgment was rendered against the intervenors for costs of intervention, and against the garnishee, John Garner, for the sum of $99.90, and all costs of suit." The affidavit also shows, that the intervenors desired to appeal the cause to the County Court of Williamson County, and were unable to pay the costs of the appeal, or to give security therefor, "wherefore affiants say they are unable to pay the costs or any part thereof." In the County Court the affidavit was contested, as allowed by the statute, and determined by the county judge in favor of intervenors, the court deciding that strict proof was made "touching the ability of the said Missouri Inman and T. J. Inman, intervenors in the above entitled and No. cause, to wit, cause No. ——, pending on the docket of the Justice Court of Precinct No. 6 of Williamson County, Texas, wherein Womack & Sturgis are plaintiffs, and John Garner, garnishee, is defendant, and Missouri Inman and T. J. Inman are intervenors, and wherein a judgment for $99.09 was rendered against defendant, John Garner, garnishee, and a judgment for the costs of intervention was rendered against the intervenors, Missouri Inman and T. J. Inman, affiants herein, touching the ability of said intervenors to pay the costs

thereof or any part thereof, and their ability to give security therefor, and I, D. S. Chesher, judge as aforesaid, determine from the hearing of said evidence that the said intervenors are unable to pay the costs of appeal or any part thereof, or give security therefor, and are entitled to said appeal," etc. March 20, 1894, the cause was called for trial in the County Court, and thereupon the appellants moved the court to dismiss the appeal, because no appeal bond had been given as required by law, there being no law in force permitting appeals from judgments rendered in Justice Courts to the County Court in the manner attempted, and because it appears from the affidavit in forma pauperis filed in lieu of an appeal bond, and from the indorsements thereon, that the same was filed in the Justice Court more than ten days after the date of the judgment appealed from, and because the description of the judgment in the affidavit is insufficient and incorrect, and does not identify the judgment appealed from with the judgment rendered in the Justice Court, as shown by the transcript. The motion was overruled by the court. The case was tried, and judgment rendered in favor of appellees, Missouri Inman and T. J. Inman, against Garner for the sum of $109, for the separate use of Missouri Inman; and that appellants, Womack & Sturgis, take nothing, and pay all costs. Womack & Sturgis have appealed, and assign errors.

The questions raised are, (1) was there any statute in force at the time the affidavit of Mrs. Inman and her husband was made, authorizing an appeal from a Justice Court by such oath, in lieu of a bond? and (2) does the affidavit sufficiently identify the judgment of the Justice Court appealed from?

The Act of the Legislature approved April 2, 1887, provides, that "Where the appellant is unable to pay the costs of appeal, or to give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, at any time within ten days from and after the date of the judgment rendered therein, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit; whereupon it shall be the duty of the court trying the case, or the justice of the peace of the precinct in which said case was tried, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party to his appeal." The foregoing act purports to be an amendment of article 1639a of an act to amend title 32, chapter 17, of the Revised Civil Statutes of the State of Texas, approved April 14, A. D. 1883.

The position of appellants is, that the Act of 1883 amended is unconstitutional and void, for the reason that the subject of the act was not expressed in its title, and for the additional reason, that said act was an amendment of chapter 17, title 32, of the Revised Statutes of

Texas, by reference to its title, without re-enacting said chapter and publishing the same at length, and appellants say, that the appeal having been prosecuted from the Justice Court without bond under the Act of 1887, the County Court should have dismissed it.

Title 32, chapter 17, article 1639, of the Revised Civil Statutes, requires a party appealing from a judgment of the Justice Court to file with the justice an appeal bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal. The Act of 1883, approved April 14, 1883, added two articles to Chapter 17 of the Revised Civil Statutes, viz., articles 1639a and 1639b, the first providing, that "Where a party is unable to pay the cost of appeal, or to give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof;" and prescribes, that "such proof shall be made before the county judge of the county where such party resides, or before the court trying the same, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit; whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party to his appeal." Article 1639b provides, that when the bond or the affidavit in lieu thereof has been filed and other requirements have been complied with, the appeal shall be held to be perfected. This act is entitled, "An act to amend title 32, chapter 17, of the Revised Statutes of the State of Texas, by adding articles 1639a and 1639b." The Act of 1887 amends article 1639a, changing only in requiring the affidavit in lieu of bond to be filed within ten days from the date of the judgment appealed from. It is entitled, "An act to amend article 1639a of an act to amend title 32, chapter 17, of the Revised Civil Statutes of the State of Texas, approved April 14, 1883."

The State Constitution provides that no bill (except general appropriation bills) shall contain more than one subject, which shall be expressed in its title. Const., art. 3, sec. 35. And it also provides, that no law shall be amended by reference to its title. Const., art. 3, sec. 36.

The question raised as to the constitutionality of the acts of the Legislature amending the Revised Statutes was discussed by the late Chief Justice Stayton in the case of Gunter v. Texas Land and Mortgage Co., 82 Texas, 498–504. The title of the act considered in that case was, "An act to amend title 3, articles 9 and 10, and to add articles 10a, 10b, 10c, 10d, 10e, 10f, 10g, and 10h," without referring to the chapter or body of laws sought to be amended. The title and the articles were all that were referred to, and the court decided that this was not a compliance with the Constitution. In discussing the ques-

tion the court say: "Since the enactment of the Penal Code and Code of Criminal Procedure, the Legislature has amended them by acts, the titles of which gave the number of the article to be amended and name of the code as given by the act adopting it, and the same course has been pursued in reference to the Revised Statutes; and in view of the legislative construction thus placed upon the section of the Constitution under consideration, as well as some decisions by this and other courts based on like provisions, we would not feel authorized to hold that such a construction was so clearly wrong as to justify this court in holding statutes with such titles invalid, although it might seem to us that a different rule would be more in harmony with the requirements of the Constitution." The opinion continues: "The views on which the Legislature and courts have proceeded doubtless are that the Penal Code, Code of Criminal Procedure, and Revised Civil Statutes each relate to but one subject; the first, to defining crime and prescribing punishment therefor, both germane to one subject—crime; the next, to provide rules of procedure through which crime may be established and proper punishment imposed, the subject being the mode in which this may be done. In reference to the same matter, the Legislatures of this and other States and some courts have doubtless regarded such a collection of statutory laws as are found in the Revised Statutes of this State, adopted as they are by one act, as relating to but one general subject, and for this reason in amending such a statute it has been thought sufficient for the amendatory statute in its title to name the section or article, and body of laws in which it is found, that it is intention of the Legislature to amend. Whether such views are correct or not it might be well for the Legislature to consider, in view of the fact that section 43 of article 3 of the Constitution in terms applies only to revisions of the body of laws, civil and criminal, periodically, and not to amendments made thereto between the periods of revision. Under the liberal rule above suggested it can not, however, with reason be contended that the title of the act under consideration is a substantial compliance with the requirements of the Constitution; for the title does not name the body of laws, by its title or otherwise, which it was the purpose of the Legislature to amend, nor does it otherwise designate the subject in reference to which it was intended to legislate."

The title of the Act of 1883 does state the body of statutory laws to be amended, the title, and the chapter, and states that it is intended to add certain articles to article 1639, to wit, articles 1639a and 1639b. If the title of the act before the court in the above case had contained the particulars stated in the title of the act before us, it is evident the Supreme Court would have held it sufficient, and not violative of the article and section of the Constitution under consideration.

The "Revised Statutes" of this State is a body of civil statutes passed by the Legislature, known and designated as the Revised Statutes. Rev. Stats., Final Title, sec. 2. They are divided into titles,

chapters, and articles, by which each enactment may be easily found and identified. We think that when they are so designated in the title of an act amendatory of them they are sufficiently identified, and such identification is a compliance with section 35, article 3, of the Constitution, and we think that this is the holding of the Supreme Court of the State in the Gunter case, above cited. We therefore conclude, that the Act of 1883 was not unconstitutional upon the ground that it was violative of this provision of the Constitution.

But was it violative of the next section—36—of the same article of the Constitution, which declares, that "No law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length?" The established rule of construction applied to this part of the Constitution is, that it only requires that the new statute shall set forth the amended statute as amended or revised, and not that the statute amended should be copied as it before stood. It was intended to prevent the amendment or revision of a statute by inserting certain words in an old law and thus change it. The entire law amended must be re-enacted with the substituted words making the intended change, so that the new law would be in itself complete, expressing the intention of the Legislature in full. Cool. Const. Lim., 180, 181, 182, and authorities cited in notes; Chambers v. The State, 25 Texas, 307. The law of 1883 was not passed in violation of the last section of the Constitution quoted. The sections added are complete within themselves, and are amendatory of the Revised Statutes providing for appeal when the parties are unable to give bond. The rules applicable to the Act of 1883 will also apply to the act amending it, of 1887. Neither of the acts was unconstitutional. The law in force granted the right of appeal to the Inmans upon filing the affidavit of their inability to pay or secure the costs of appeal by bond. We think that the affidavit sufficiently identified the judgment appealed from. The error in the amount was insignificant, the case in which the judgment was rendered was unmistakably identified in other respects, and makes it clear that the amount of the judgment stated in the affidavit was a mistake, which could be corrected by the judgment itself. Landa v. Heermann, 85 Texas, 3; 1 Willson C. C., sec. 408; 2 Id., 548; Anderson v. Beatty, 3 Id., 360.

Appellants contend, that as it appears from the affidavit and the certificate of the county judge attached thereto that the affidavit was filed in the Justice Court more than ten days after the rendition of the judgment appealed from, it was not a compliance with the Act of 1887, was too late, and that therefore the court below should have dismissed the appeal. The affidavit does not distinctly show the date of the judgment in the Justice Court. The record certified by the justice shows that the judgment was rendered on the 12th day of December, 1893. The affidavit was filed less than ten days after the judgment was rendered, and was in time. It was not necessary that the date of

the judgment should have been stated in the affidavit, but if there was a variance as to the date of the judgment it would not be fatal, it having been described in other respects sufficiently to identify it beyond question. Railway v. Stanley, 76 Texas, 418; 2 Willson C. C., sec. 336; 4 Id., 262. The certificate of the county judge does not state that the judgment of the justice of the peace was of date December 9th, but it does state the correct amount of the judgment as $99.09, and further shows, that strict proof of the inability of affiants to pay or to give security for the costs of appeal was made before him, as required by the statute. The proof before the county judge supported the affidavit and established its truth.

There was no error in the judgment of the court below in the matters assigned and herein noticed, and it is affirmed.

*Affirmed.*

Delivered April 17, 1895.