## HILL v. BRADY.   (No. 2419.)

(Court of Civil Appeals of Texas.   Texarkana.
May 13, 1921.   Rehearing Denied
June 2, 1921.)

**1. Appeal and error ⬅═870(3) — Defendant waived right to review action of trial court on plea of privilege when he failed to appeal from order.**

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 1903, giving right of appeal from orders sustaining or overruling plea of privilege, defendant waived the right to have the action of the trial court in overruling his plea reviewed when he failed to prosecute an appeal from the order overruling the plea.

On Appellant's Motion for Rehearing.

**2. Appeal and error ⬅═2—Statute giving right of appeal from order on plea of privilege not unconstitutional.**

Act April 2, 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]) amending Rev. St. 1911, art. 1903, to give right of appeal from orders sustaining or overruling plea of privilege, is not unconstitutional.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Suit by A. M. Brady against John D. Hill. Judgment for plaintiff and defendant appeals.   Affirmed.

Alleging that appellant promised in writing to pay him in Hopkins county sums aggregating $395 and had failed to do so, appellee sued appellant in the county court of said county.   The latter by a sufficient plea filed at a proper time asserted a right he claimed to have the cause transferred to Cameron county, where he resided, for trial. The plea was controverted by appellee and overruled by the court by an order made January 4, 1921.   Appellant did not, as he might, prosecute an appeal from that order.   The cause was tried on its merits January 8, 1921, and on findings made by a jury on special issues submitted to them judgment was rendered in appellee's favor against appellant for the amount sued for.   The appeal is from that judgment.

Dial, Melson & Brim, of Sulphur Springs, for appellant.

T. J. Flewharty and H. C. Connor, both of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the facts as above).   [1] The contention, and only contention, presented by the assignments in appellant's brief is that the court below erred when he overruled appellant's "plea of privilege," and refused to transfer the cause to Cameron county for trial.   We are of opinion appellant waived the right he had to have the action of the trial court in that respect reviewed when he failed to prosecute an appeal from the order overruling said plea.

Evidently the purpose of the Legislature in enacting the statute giving a right of appeal from an order sustaining or overruling such a plea (article 1903, Vernon's Statutes, 1918 Supplement) was to have the question as to venue finally determined before the cause was tried on its merits, and so avoid useless expense to the parties, as well as waste of their time and the court's, which often resulted under the practice prevailing when the statute was enacted of trying a cause on its merits before the question as to venue was settled; for under that practice, if it was determined on an appeal of the cause that the question as to venue had been wrongly decided by the trial court, a reversal of the judgment followed as a matter of course.   If that, as we think, was the purpose of the Legislature, it would not be accomplished if the statute should be construed as entitling a party who might have appealed from the order, but did not have a judgment on the merits reversed because of error in the ruling of the trial court on the plea.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

[2] The attack on the constitutionality of the act of April 2, 1917 (General Laws, p. 388, [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]) amending article 1903, Revised Statutes 1911, seems to be without merit.   See Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S. W. 589; Womack v. Garner (Tex. Sup.) 31 S. W. 358; Gunter v. Tex. Land & Mortg. Co., 82 Tex. 498, 17 S. W. 840; 25 R. C. L. 871.

The court is still of the opinion the question as to the meaning of the act was correctly determined, and therefore think the motion should be overruled.