**COLLINS et al. v. PIERCE.   (No. 8691.)***

(Court of Civil Appeals of Texas. Dallas. June 10, 1922. Rehearing Denied Oct. 14, 1922.)

Statutes ☜115(3)—Amendatory act relating to liens held not to violate constitutional provision as to subject and title.

Acts 33d Leg. (1913) 1st Called Sess. c. 27, § 1, amending Rev. St. 1911, art. 5695, as amended by Acts 33d Leg. (1913) c. 123, § 3,[1] *held* not to violate Const. art. 3, § 35, requiring subjects of acts to be expressed in the title, either by reason of its contents or because of the caption of the act; the words in the title of the amendatory act "relating to the renewal and extension of liens that are secured by deeds of trust, mortgages or original vendors lien on real estate" having no reference to the subject of the act, but being only a designation of the act to be amended.

Appeal from District Court, Dallas County; Kenneth Foreé, Judge.

Action by George W. Pierce against T. G. Collins and others. Judgment for plaintiff, and defendants appeal. Affirmed.

George Sergeant and W. N. Coombes, both of Dallas, for appellants.

Spence, Haven & Smithdeal, of Dallas, for appellee.

VAUGHAN, J. This was a suit instituted on the 16th day of November, 1917, for a debt on a note executed by appellant T. G. Collins, dated November 21, 1910, due September 1, 1911, and to foreclose a vendor's lien and deed of trust liens upon certain land situated in Dallas county, Tex.

Appellants excepted to appellee's petition on the grounds that it appeared therefrom that appellee's cause of action accrued more than four years before the commencement of the suit, and was therefore barred by the statute of limitations, and that it appeared therefrom that appellee is the owner of the note sued upon, and that said note is secured by a vendor's lien retained therein and in a deed and in deeds of trust, all of which were executed subsequent to July 14, 1905, and that said note matured September 1, 1911. Therefore appellee's right to foreclose said liens accrued more than four years before the commencement of said suit and was barred by the statute of limitations.

By their special answer appellants pleaded that appellee's right to foreclose said liens accrued more than four years before the commencement of the suit and was barred by the statute of limitations, and that appellee's right to personal judgment on said note was barred by the four-year statute of limitations.

The cause was tried before the court on

the 13th of January, 1921, without the intervention. of a jury. Judgment was rendered overruling appellants' general and special exceptions, limiting the amount due on said note to the sum of $2,957.73, foreclosing said liens against appellants, and directing the sale of said lands to pay said sum of $2,957.73 and costs.

It is conceded by appellants that the judgment of the court below should be affirmed if the act of the Thirty-Third Legislature of Texas, passed at its first called session in 1913 (page 39, c. 27), amendatory of article 5695 of the Revised Civil Statutes of 1911 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), was enacted in conformity with article 3, § 35, Constitution of Texas 1876.

Appellants' appeal is based upon the proposition that said act is unconstitutional, either by reason of its contents or because the caption of the act was not in compliance with said constitutional provision. The act of 1913 of the first called session of the Thirty-Third Legislature under discussion is an amendment of article 5695, c. 2, tit. 87, Revised Civil Statutes of Texas 1911, as amended by chapter 123, § 3, Acts 33d Leg. Reg. Sess. The title of the act of the Thirty-Third Legislature, first called session 1913, is in these words:

"An act to amend article 5695, Revised Civil Statutes of Texas 1911, as amended by chapter 123, Acts of the 33d Legislature, relating to the renewal and extension of liens that are secured by deeds of trust, mortgages or original vendors lien on real estate, and providing that said article shall hereafter read as follows, and declaring an emergency."

Article 5695 is an integral part of the body of civil statutes passed by the Legislature legally known and cited as the Revised Civil Statutes. Final title, § 2, Revised Civil Statutes 1911. The article sought to be amended by the act in question is designated as article 5695, Revised Civil Statutes of Texas 1911, as amended by chapter 123, Acts of the Thirty-Third Legislature, which sufficiently identified the article of the Revised Civil Statutes to be amended and is in conformity with the requirements of section 35, art. 3, unless the words "relating to the renewal and extension of liens that are secured by deeds of trust, mortgages or original vendor's liens on real estate" were used to indicate the character of legislation to be accomplished by the passing of said act and are not merely descriptive of subjects to which said article 5695 relates.

The words "relating to the renewal and extension of liens," etc., are, in the light of the context of the entire caption, descriptive of article 5695, and have no reference to the "subject" embraced in the act, but only in part a designation of said article 5695 to be amended.

If the following language contained in said title had only been employed to express the subject of the act, viz.: "An act to amend article 5695, Revised Civil Statutes of Texas, 1911, as amended by chapter 123, Acts of the 33d Legislature"—same would have measured up to the requirements of section 35, art. 3, of the Constitution. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S. W. 521.

Can it be said that the other language of the title, which, at best, is only descriptive of the subject of the amended as well as of the amendatory act, embraces the subject of the act within the meaning of article 3, § 35, in that same designated the particular character of legislation to be enacted, and therefore subject to the attack made by appellants on the constitutionality of same? We think not, and in support of such conclusion reached by us are content to quote as follows from the case of Mortgage Co. v. Hardy, Sec'y, etc., 93 Tex. 298, 55 S. W. 171:

"The effect of the reference to the article to be amended is not restricted by the other language of the title to the act in question. Such other language is, as far as it goes, properly descriptive of the subject of the amended, as well as of the amendatory, act. It simply does not cover the whole of the subject; but the reference to the number of the article to be amended does include, as the subject of the amendatory act, the whole subject embraced by the provisions of the former."

It was article 5695 which the title proposed to amend, and not merely such parts of it as related to the renewal and extension of liens that were secured by deeds of trust, mortgages, or original vendor's liens on real estate.

Among the many authorities examined by us, we cite the following as sustaining the validity of said act, to wit: Gunter v. Texas Land & Mtg. Co., 82 Tex. 496, 17 S. W. 840; City of Austin v. McCall, 95 Tex. 565, 68 S. W. 791; Womack v. Garner, 10 Tex. Civ. App. 367, 30 S. W. 589; Doeppenschmidt v. Int. & G. N. Ry. Co., 100 Tex. 532, 101 S. W. 1081; Breen v. T. & P. Ry. Co., 44 Tex. 302.

The judgment of the trial court is affirmed.