

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711 *Overruled by H-82 where Conflicts*

July 20, 1971

Honorable Tom Hanna
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas 77701

Opinion No. M-911

Re: Juries and jury wheels
as affected by S.B. 369,
Acts 62nd Leg., R.S. 1971.

Honorable Carol Vance
District Attorney
Harris County Courthouse
Houston, Texas

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Honorable Franklin L. Smith
County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Gentlemen:

Your offices have submitted various requests concerning
interpretations of the legal effect of Senate Bill 369, Acts
62nd Legislature, Regular Session, 1971,(hereinafter referred
to as S.B. 369) pertaining to juries and which amends certain
existing Articles of the Texas Civil Statutes, repeals certain
existing Articles of the Texas Civil Statutes and creates cer-
tain new statutes which are not yet designated by Article number.
For reference in this opinion we have attached as an appendix
the numbered and unnumbered Articles which we believe will con-
stitute the text of Title 42, Chapter 7 of Vernon's Annotated
Civil Statutes titled "The Jury", after the application of S.B.
369 however this appendix is only intended to be used in con-
nection with this opinion and does not purport to take into
account any other bills that may have been passed by the 62nd
Legislature and which may not have been called to the attention

of the compiler.   The provisions of Article 3, Sections 35 and
36 of the Texas Constitution and Articles 35.10 and 35.12 and
35.16 of the Texas Code of Criminal Procedure are also carried
at the end of the Appendix.   Reference to "Art. ____" shall refer
to the Article by number as it appears in the Appendix.   Refer-
ence to preexisting law shall be by "old Art. ____".   Refer-
ence to the three unnumbered statutes on page A-13 of the
Appendix shall be "new Sec. ____".   Reference to sections of
S.B. 369 shall be "Sec. ____".

Restated, your questions are as follows:

1.   Is the caption (title) of S.B. 369 sufficiently broad
to cover Sec. 4 thereof as required by Article 3, Section 35
of the Texas Constitution?   Does the amendment of two specific
subsections without republication of the other three subsections
violate Article 3, Section 36 of the Texas Constitution?

2.   Is the caption (title) of S.B. 369 sufficiently broad
to cover Sec. 10 thereof as required by Article 3, Section 35
of the Texas Constitution?

3.   Is the caption (title) of S.B. 369 sufficiently broad
to cover Sec. 12 thereof as required by Article 3, Section 35
of the Texas Constitution?

4.   Is the caption (title) of S.B. 369 sufficiently broad
to cover Sec. 14 thereof as required by Article 3, Section 35
of the Texas Constitution?

5.   Does S.B. 369 make persons 18, 19 or 20 years of age
who are listed on the voter registration rolls eligible for
jury duty?

6.   Does Art. 2094 require that a jury wheel contain all
names on the voter registration list (including those less than
21 years of age)?

7.   Does Art. 2094 require that the wheel contain all
names of persons "eligible to vote" or only those currently
registered?

8.   May a juror be returned to the general panel for the
week after he has been struck from a panel in one court?

9.   Is there an irreconciliable conflict between Arts. 2134 and 2135 and Articles 35.10, 35.12 and 35.16 of the Texas Code of Criminal Procedure (hereinafter referred to as Art. ____, C.C.P.)?

10.   Does Section 4 of Art. 2101 affect the answer to the preceding question insofar as affected counties are concerned?

11.   What do the terms "economic reasons" and "parties of record" mean as they are used in Art. 2120?

12.   Must a county choosing to use electronic means in lieu of the jury wheel follow the complete procedure outlined in Art. 2100a?

13.   Where a county proceeds under Art. 2100a and uses electronic means for picking a panel in what way would Sec. 14 be applicable?

We will undertake to answer these questions in the order stated in numbered sections without formal restatement.

I.

First let it be stated that from an examination of S.B. 369 we conclude that the bill contains only one subject (formation of juries) and it therefore meets the "single subject" requirement of Article 3, Section 35, Texas Constitution.   Our discussion in this and the next three sections will be concerned with whether or not the subject matter embraced in the Act was expressed in the title plus the applicability of Article 3, Section 36, Texas Constitution, in this first section.

With respect to Sec. 4, the title to S.B. 369 provides in pertinent part "An Act . . . providing for certain procedures relating to the use of the jury wheel and selection of juries, amending Article(s) . . . 2101, Revised Civil Statutes of Texas, 1925, as amended, . . ."

Sec. 4 in the body of S.B. 369 commences "Subsections 1 and 3, Article 2101, Revised Civil Statutes of Texas, 1925,

as amended, are amended to read as follows: . . . ." etc.

We feel that the following language in <u>Cernoch v. Colorado County</u>, 48 S.W.2d 470 (Tex.Civ.App. 1932, no writ) is dispositive of questions raised under Article 3, Section 35, Texas Constitution:

"In order to determine whether or not either of these acts is violative of article 3, §35, of the Constitution, it must be remembered that it has been many times held by the appellate courts that a reference to an article in a Code, such as the Revised Statutes, <u>is sufficient in the title of an act amendatory thereof to allow any amendment germane to the subject treated in the articles</u> referred to; the reason therefor being that the naming of the article or law to be amended directs the attention of the legislators to all of the provisions therein, as the subject of the amending act, and that such provisions can be ascertained by reading the articles to be amended. The following authorities are cited in support thereof: English & Scottish-American Mortgage & Inv. Co. v. Hardy, 93 Tex. 289, 55 S.W. 169, 171; Gunter v. Mortgage Co., 82 Tex. 496, 17 S.W. 840; State v. McCracken, 42 Tex. 384; State v. Larkin, 41 Tex. Civ. App. 253, 90 S.W. 912; Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S.W. 589, affirmed (Tex. Sup.) 31 S.W. 358; Nichols v. State, 32 Tex. Cr. R. 391, 23 S.W. 680.

"In connection with the above, we quote the following from the case of Womack v. Gardner, 10 Tex. Civ. App. 367, 30 S.W. 589, 591, to-wit: 'The "Revised Statutes" of this state is a body of civil statutes passed by the legislature, known and designated as the "Revised Statutes" (Rev. St. final tit. §2). They are divided into titles, chapters, and articles, by which each enactment may be easily found and identified. We think that when they are so designated in the title of an act amendatory of them they

> are sufficiently identified, and such identi-
> fication is a compliance with section 35, art.
> 3, of the constitution, and we think that this
> is the holding of the supreme court of the state
> in the Gunter case, above cited.  We therefore
> conclude that the act of 1883 was not uncon-
> stitutional, upon the ground that it was vio-
> lative of the provision of the constitution.'"
> (Emphasis added).

Next, we take up whether all of Art. 2101 must be re-
published to give vitality to Sec. 4.

In Quinlan v. Houston and T. C. Rwy. Co., 89 Tex. 356,
34 S.W. 738 (Tex.Sup.Ct., 1896), Chief Justice Gaines discussed
Article 7, Section 25 of the 1845 Texas Constitution (now Article
3, Section 36, Texas Constitution) and set the rule of con-
struction as follows (at pps. 740-741):

> "In the absence of some constitutional re-
> striction of like effect to that of section
> 25 of article 7 of the constitution of 1845,
> it was the usual practice of legislative bodies
> to amend a law simply by providing that certain
> words should be added, or that others should be
> stricken out, or that, in place of certain
> language, certain other language should be sub-
> situted.  Such an amendment frequently pre-
> sented a problem in construction that it was
> difficult for the average mind to solve.  This
> practice afforded a means of imposing upon
> unwary members of the legislative bodies,
> and of procuring the passage of amendments
> which would never have passed had their
> effect been fully understood.  So, also,
> the amendment, when passed, did not admit
> of that ready understanding which is de-
> sirable in all written laws.  These were
> the evils which it was the purpose of section
> 25 to suppress.  That provision, and other
> similar constitutional restrictions upon the
> form of legislation, have never, in con-
> struction, been given a rigid effect.  They

have been held applicable to such statutes
only as come within their terms, when con-
strued according to the spirit of such re-
strictions, and in the light of the evils
to be suppressed.  Any other rule, as ap-
plied to the particular inhibition under
consideration, would work great, if not
intolerable, inconvenience, and would render
the statutes unnecessarily volunimonus. . .
The practice of making the provisions of one
statute applicable to another by a reference
to the former law in the new act is of fre-
quent occurrence in legislation, both in
England and in this country, and such legis-
lation has been uniformly recognized as valid,
so far as we have been able to discover."
(citations omitted).

In Ex Parte Erck, 128 S.W.2d 1174 (Tex.Crim.App. 1939),
the following language appears:

"Relator's main contention seems to be that
since the caption of the act in question does
not refer to the former act amending Section
16 of Chapter 42, it was void in that the Leg-
islature acted contrary to Section 36 of Arti-
cle 3 of the Constitution, Vernon's Ann.St.,
which reads as follows:  'No law shall be re-
vived or amended by reference to its title; but
in such case the act revived, or the section
or sections amended, shall be re-enacted and
published at length.'"

* * *

"The object of the constitutional require-
ment is to give notice to the members of the
Legislature of the subject to be affected by
the proposed act.  It appears to us that the
Legislature had sufficient notice from the
caption, as well as the body, of the sub-
stance of the law sought to be amended, with-
out designating in the caption the specific

sections to be affected by the amendment."

* * *

"We are of the opinion that under the constitutional provisions above mentioned, the Legislature may amend any section or sections of a law or may amend the entire law as it sees fit.

"In our opinion, the recitals in the caption of the bill are sufficient, without specifically enumerating therein each section, to direct the attention of the members of the Legislature to the subject of the act to be amended. When this object has been attained then it would seem that the constitutional requirement has been complied with."

That the Legislature knew what the amendment in question would accomplish is borne out by an examination of the relationship of Sec. 4 with the remainder of S.B. 369. Sec. 4 only changes Subsection 1 by removing two "formal" phrases for clarification. The principle change is in Subsection 3 where the proviso authorizing the sheriff to summons "talesmen" is removed. That this was intended is buttressed by the fact that S.B. 369 specifically repeals Article 2119, Texas Civil Statutes, which covers the Sheriff's oath for summonsing talesmen and also Article 2116c, Texas Civil Statutes, which contains references to summonsing additional jurors "in the manner now prescribed by law."

It is the opinion of this office that the title to S.B. 369 fairly apprised the Legislature of the intended amendment of Art. 2101 and that the enacting clause in Sec. 4 is a sufficient compliance with Article 3, Section 36, Texas Constitution without the repeated publication of the unaffected subsections.

## II.

With respect to Sec. 10 the title to S.B. 369 provides in pertinent part "An Act . . . providing that a court may not excuse a juror for economic reasons, amending Article

2120, Revised Civil Statutes of Texas, 1925; . . ."

Sec. 10 commences "Article 2120, Revised Civil Statutes of Texas, 1925, is amended to read as follows: . . ." Thereupon new Art. 2120 is set out in its amended entirety.

We conclude from a reading of Sec. 10 in comparison with entire S.B. 369 that Sec. 10 is part of a single subject matter of which the Legislature was appropriately apprised and that the language of Sec. 10 does not exceed the subject set forth in that title. It is our opinion that Sec. 10 is constitutional in this respect.

### III.

With respect to Sec. 12 the title to S.B. 369 provides in pertinent part "An Act . . . providing certain exceptions to jury service, amending Article 2135, Revised Civil Statutes of Texas, 1925, as amended; . . ."

Sec. 12 commences "Article 2135, Revised Civil Statues of Texas, 1925, as amended, is amended to read as follows: . . ."

Our conclusion with regard to Sec. 12 coincides with our conclusion with regard to Sec. 10 (supra). It is the opinion of this office that Sec. 12 is constitutional in this respect.

### IV.

With respect to Sec. 14 the title to S.B. 369 provides in pertinent part "An Act . . . relating to removal from the jury panel; . . ."

Sec. 14 commences "Once a prospective juror has been removed from a jury panel . . ." etc.

Sec. 14 is a new law and appears to be a proper part of the single subject contained in both the title and enacting clause of S.B. 369. It is the opinion of this office that Sec. 14 is constitutional in this respect.

### V.

Although Section 11 of S.B. 369 amends a subsection of

Art. 2133, it did not amend that portion of Art. 2133 stating "All persons . . . over twenty-one (21) years of age are competent jurors . . ."

Amendment XXVI to the Constitution of the United States concerns only the age for voting and does not affect the right of a State to establish age requirements on jury service.

It is the opinion of this office that persons less than twenty-one years of age may not serve on juries in Texas regardless of what other qualifications they may possess.

## VI.

Art. 2094 provides that the entire voter registration list for the county shall be the ". . . sole and mandatory source. . ." (emphasis added) for filling the jury wheel. Art. 2095 gives instructions to "typists" in counties having a population of 140,000 or more to ". . .type the names and addresses of qualified jurors upon the cards. . ." (emphasis added). Since the disqualification (age) appears right on the voter registration list it is obvious that under-age persons need not be included in these more populous counties.

It is obvious that to require the counties having a population of less than 140,000 to include ineligible names in their jury wheels would be a useless thing. And one of the basic rules of statutory construction is that we presume that the Legislature did not intend to require the doing of a meaningless act. We therefore look to the entire enactment to seek a harmonious and constructive interpretation.

In this view we note that although Art. 2095 starts off by saying "Said officers shall write the names of all persons on said precinct lists . . ." it goes on to say: ". . .writing . . .the post office address of each juror so selected . . .", thus indicating the legislative intent that "all persons" shall mean "jurors".

It is the opinion of this office that Art. 2094 makes the voter registration list a source and that because of the wording of Art. 2095 (and other references throughout

S.B. 369 to "jurors") the jury wheel may be filled by in-
cluding all the names on the voter registration list except
those whose ineligibility (age) appears affirmatively on the
face of the voter registration list.

## VII.

Under Texas law only those who have registered to vote
(or are automatically registered by operation of law) are
eligible to vote.  Even if there be unregistered persons
eligible to vote (by reason of birthday, foreign service,
etc.) Art. 2094 uses the words "sole" and "mandatory" it would
seem that the basic rule of "de minimus non curat lex" would
eliminate any problem with the miniscule number of eligible
non-registered voters.

It is the opinion of this office that the jury wheel
must be filled from the current voter registration list as
it exists on August 1 of each year.

## VIII.

New Sec. 14 contains no language restricting its pro-
visions to any existing Article or Subdivision of the Revised
Civil Statutes of Texas.  We must therefore treat it as a new
statute applicable to all jury service in all courts.

It is the opinion of this office that when a juror is
successfully challenged for cause, peremptorily challenged
(or struck) or otherwise dismissed from a panel (as by agree-
ment, etc.) such juror shall be dismissed from further jury
service at that time and his name returned to the jury wheel.

## IX.

This office perceives no conflict between Arts. 2134
and 2135 and Arts. 35.10, 35.12 and 35.16, Vernon's Code of
Criminal Procedure.

Art. 2135 concerns the forming of an entire panel or
venire and applies to all types of cases.  Persons ineligible
under Article 2135 never reach the provisions of the other
statutes unless they waive their exemption from jury service.

Art. 2134 concerns interest or bias towards a single case and applies to both civil and criminal matters, but does not conflict with nor derogate from the Code of Criminal Procedure Articles mentioned.

The Code of Criminal Procedure Arts. apply only after a panel has been assigned to a criminal case and appear compatibly cumulative of Arts. 2134 and 2135.

## X.

Subsection 4 of Art. 2101 has no effect on the preceding answer insofar as counties with population in excess of 900,000 are concerned.  It is the opinion of this office that the separation into separate civil and criminal panels does not act to invalidate or change the operation of the above discussed compatible statutes.

## XI.

Since the terms "economic reasons" and "parties of record" are terms of art that have not been construed by any Texas Court in the light of the new statute and since such terms of art are addressed to the court's discretion as to "reasonable sworn excuse" we express no opinion on these terms.

## XII.

Subsection 1 of Article 2100a authorizes the Commissioners Court of certain counties to adopt the use of electronic means only upon recommendation from the district judge (or judges). Section 2 requires that the plan adopted shall be one submitted in writing by the district judge(s) and no authorization appears to amend such plan.

Section 2(b) of Art. 2100a makes the voter registration list the sole souce of names for the computer.  Since present computer plans permit names from the property list, some of which are not on the voter list, the plan must be drawn to conform to the new statute.

It is the opinion of this office that counties exercising the option to use electronic means as provided in Art. 2100a

must follow the entire procedure outlined in said Article by submission of a new recommendation and plan from the district judge(s) and the adoption of same by the Commissioners Court so as to conform to the new requirements of S.B. 369.

## XIII.

We are unable to perceive any exemption from the provisions of Sec. 14 in counties choosing to use electronic means under Art. 2100a. In these counties, jurors once removed from a panel must still be excused from further current service. The provisions of Section 3 of Art. 2100a would exempt such counties from that portion of Sec. 14 which says "returned to the jury wheel", since such county has no jury wheel. Such juror's dismissal would still be effective until he is "drawn again as a prospective juror".

It is the opinion of this office that in counties choosing jury panels by electronic means a juror must be dismissed from further current service when he is dismissed from a panel and he may not serve again until the computer once again presents his name.

## SUMMARY

In S.B. 369, Acts 62nd Leg., R.S., 1971, Secs. 4, 10, 12 and 14 as enacted are constitutionally covered by the title and Sec. 4 is not in contravention of Art. 3, Sec. 36, Texas Constitution.

Persons under 21 years of age may not serve on juries and their names need not be placed in the jury wheel. All other names on the current voter registration list as of August 1st each year must be placed in the jury wheel and no others.

A person dismissed from one jury panel for any reason must be excused from further jury duty until his name is returned to the wheel and drawn again.

There is no conflict between Arts. 2134 and 2135, Texas Civil Statutes and Arts.

35.10, 35.12 and 35.16, Vernon's Code of Criminal Procedure, nor does Sec. 4, Art. 2101 affect these provisions.

The terms "economic reasons" and "parties of record" as used in Article 2120 are addressed to the discretion of the trial court.

Counties choosing electronic means under Art. 2100a must have a new recommendation and plan submitted by the District Judge(s) and ordered by the Commissioners Court to comply with S. B. 369. Such counties are not exempt from the mandatory dismissal provisions of Sec. 14 of S. B. 369.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Malcolm Quick
Max Flusche
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant

# APPENDIX

<u>Article 2094.</u>

Between the first and fifteenth days of August of each year, in each county in this State, the tax collector, sheriff, county clerk, and district clerk of the county, each in person or represented by one of his deputies, shall meet at the county courthouse and reconstitute the jury wheel, using as the sole and mandatory source, all names on the voter registration lists from all precincts in the county.

<u>Article 2095.</u>   <u>Cards put in wheel; typists and expenses.</u>

Said officers shall write the names of all persons on said precinct lists, residing in their respective counties, on separate cards of uniform size and color, writing also on said cards, whenever possible, the post-office address of each juror so selected, except that in counties having a population of one hundred forty thousand (140,000) or more, according to the last preceding federal census, the Commissioners Court shall provide out of the jury fund a sum sufficient for the employment of typists and payment of other expenses. The typists, under the direction, control and supervision of the district clerk, shall type the names and addresses of qualified jurors upon the cards as herein described. The expenses so incurred shall be authorized, reported, paid and accounted for under the same laws, rules and regulations as govern the payment of other expenses of the office of the district clerk in such counties, except as otherwise herein specifically provided. The cards containing said names shall be deposited in a jury wheel, to be provided for such purpose by the Commissioners Court of the county. Said wheel shall be contructed of any durable material and shall be so constructed as to freely revolve on its axle; and may be equipped with a motor capable of revolving said wheel in such a manner as to thoroughly mix said cards; and shall be kept locked at all times, except when in use as hereinafter provided, by the use of two separate locks, so arranged that the key to one will not open the other lock; and said wheel, and the clasps thereto attached into which the locks shall be fitted, shall be so arranged that the wheel cannot be opened unless both of said locks are unlocked at the time the wheel is opened. The keys to such locks shall be kept, one by the sheriff and the other by the district clerk. The sheriff and the clerk shall not open such wheel, nor permit the same to be opened by any person, except at the time and in the manner and by the persons herein specified; but said

sheriff and clerk shall keep such wheel, when not in use, in a safe and secure place, where the same cannot be tampered with.

Article 2096.

(a) Not less than 10 days prior to the first day of a term of court, the district clerk or one of his deputies, and the sheriff, or one of his deputies, in the presence and under the direction of the district judge, if the jurors are to be drawn for district court, or the clerk of the county court, or one of his deputies, and the sheriff, or one of his deputies, in the presence and under the direction of the county judge, if the jurors are to be drawn for the county court, shall draw from the wheel containing the names of the jurors, after the same has been well turned so that the cards therein are thoroughly mixed, one by one the names of those jurors where such judge has so directed to compose as many lists as the term of the district or county courts may require, and shall record the names upon as many lists as the judge shall deem necessary to insure an adequate number of jurors for each session of the court. At such drawing, no person other than those above named shall be permitted to be present, except as hereinafter provided. The officers attending such drawing shall not divulge the names of any person that may be drawn as a juror to any person. If at any time during the term it appears that the lists already drawn will be exhausted before the expiration of the term, additional jurors as are needed may be drawn in the same manner.

(b) Drawing of names observed.

Upon the application in writing of any party to any suit pending upon the docket of a court for which a jury is required, said party, or his duly authorized representative, shall have the right to be present and observe the drawing of names from the jury wheel and the placement thereof upon the jury lists for the time period in which his case is set, provided, however, that the identity of the names so drawn and placed upon the lists at such time shall not be made known to such observer.

Article 2097. List certified.

The several lists of names so drawn shall be certified under the hand of the clerk or the deputy doing the drawing, and the district or county judge

in whose presence the names were drawn from the wheel, to be the lists drawn by him for that term, and shall be sealed up in separate envelopes indorsed, "List No. _____ of the petit jurors drawn on the ____ day of _____, 19__, for the _____ Court of _____ County," (filling in the blanks properly and numbering the envelopes consecutively from one up). The clerk doing the drawing shall write his name across the seals of the envelopes and deliver them to the judge who shall inspect the envelopes to see that they are properly indorsed and shall then deliver them to the clerk or deputy, and the clerk shall then immediately file them away in some safe and secure place in his office.

### Article 2098.  List delivered to clerk.

The judge shall deliver such envelopes to the clerk, or one of his deputies, and shall in his discretion instruct the clerk to indorse on any of such envelopes that the jury for that week shall be summoned for some other day than Monday of said week, and the judge shall, at the same time, administer to the clerk and to each of his deputies an oath in substance as follows:  "You and each of you do solemnly swear that you will not open the jury lists now delivered to you, nor permit them to be opened, until the time prescribed by law, nor communicate to any one the name or names of the men appearing on any of the jury lists, that you will not, directly or indirectly, converse or communicate with any one selected as juror concerning any case pending for trial in this court as its next term.  So help you God.

### Article 2099.  Cards to be used again.

When the names are drawn for jury service, the cards containing such names shall be sealed in separate envelopes, indorsed, "Cards containing the names of jurors on Lost. No. _____ of the petit jurors drawn on the ____ day of _____, 19__, for the _____ Court of _____ County," (filling in the blanks properly). Each envelope shall be retained securely by the clerk, unopened, until after the jury selected from the corresponding list has been impaneled; and after such jurors so impaneled have served four (4) or more days, the envelope containing the cards bearing the names of the jurors on that list shall then be opened by the clerk, or his deputy, and those cards bearing the names of persons who have not been impaneled and who have not served as many as four (4)

days shall be immediately returned to the wheel by the clerk, or his deputy; and the cards bearing the names of the persons serving as many as four (4) days shall be put in a box provided for that purpose for the use of the officers who shall next select the jurors for the wheel. If any of the lists drawn for a term of court are not used, the clerk or his deputy shall open the envelopes containing the cards bearing the names on the unused lists immediately after the expiration of the term and return the cards to the wheel.

### Article 2100.  Loss of wheel.

If the wheel containing the names of jurors be lost or destroyed, with the contents thereof, or if all the cards in said wheel be drawn out, such wheel shall immediately be refurnished, and cards bearing the names of jurors shall be placed therein immediately in accordance with the laws of the State.

### Article 2100a.  Section 1.

In lieu of any other procedure now provided by law, the Commissioners Court of any county in the State, upon recommendation of the district judge or a majority of the district judges of said court, by order entered upon its minutes, may adopt a plan for the selection of persons for jury service with the aid of mechanical or electronic means.

### Section 2.

Any such plan so adopted shall conform to the following requirements:

(a)  It shall be proposed in writing to the Commissioners Court by a majority of the judges of the district courts in such county, including criminal district courts, at a meeting of the district judges called for that purpose.

(b)  It shall specify that the sources from which names are to be taken for jury purposes are all voter registration lists from all precincts in the county.

(c)  It shall provide a fair, impartial, and objective method of selecting persons for jury service with the aid of mechanical or electronic equipment.

(d)   It shall designate the clerk of the district courts as the official to be in charge of the selection process and shall define his duties.

(e)   It shall specify that a true and complete written list showing the names and addresses of the persons summoned to begin jury service on a particular date shall be filed of record with the county clerk at least 10 days prior to the date such persons are to begin such jury service.

Section 3.

In any county where such a plan is adopted, as above provided, the laws relating to the selection of petit juries by jury wheel shall not apply.

"Article 2101.   Interchangeable juries.

The provisions of this article shall be applicable only to such counties of this State as may now maintain three or more district courts, or in which three or more district courts may be hereafter established.  A criminal court in any county with jurisdiction in felony cases shall be considered a district court within the meaning of this article.  The "Interchangeable Jury Law" shall not apply to a selection of jurors in lunacy cases or in capital cases.

1.   Jury Wheel Law governs.

The provisions of the statutes governing jury wheels shall remain in full force and effect, except as modified by the special provisions of this law.

2.   Organization and supervision.

In each county under this law, the district judges shall meet together and determine approximately the number of jurors that are reasonably necessary for jury service in all the county courts at law, county courts and district courts of such county, for each week during the time said courts may hold during the year, and shall thereupon order the drawing of such number of jurors from the wheel for each of said weeks, said jury to be known as the general panel of jurors for service in all such courts of such county for the respective weeks for

which they are designated to serve. A majority of said district judges are authorized to act in carrying out the provisions of this law; they may increase or diminish the number of jurors to be selected for any week, and shall order said jurors drawn for as many weeks in advance of service as they deem proper. From time to time they shall designate the judge to whom the general panel shall report for duty, and said judge, for such time as he is chosen to so act shall organize said juries and have immediate supervision and control of them. The said jurors so limited in number shall, after being regularly drawn from the wheel, be served by the sheriff to appear and report for jury service before said judge so designated, who shall hear the excuses of the said jury and swear them in for service for the week that they are to serve to try all cases that may be submitted to them in any of said courts.

### 3. Used interchangeably.

Said jurors, when impaneled shall constitute a general jury panel for service as jurors in all county and district courts in said county, and shall be used interchangeably in all of said courts. In the event of a deficiency of jurors at any given time to meet the requirement of all said courts, the judge having control of the said general panel shall order such additional jurors to be drawn from the wheel as may be sufficient to meet the emergency, but such jurors shall act only as special jurors and shall be discharged as soon as their services are no longer needed. Resort to the wheel shall be had in all cases to fill out the general panel.

4. Provided, however, that in any county of this state having a population in excess of nine hundred thousand (900,000) according to the last preceding or any future United States Census, it shall be permissible, after having been approved by a majority of the judges for the district courts of any such county, to draw from said jury wheel two separate jury panels for the week; one of which said jury panels for the week shall be drawn and be in attendance upon those criminal district courts and county courts which have a criminal docket, and the other said jury panel for the week shall be drawn and be in attendance upon those courts which have a civil docket.

5. This Article is also applicable to a county that has two district courts and a domestic relations court. Sec. 5 added by Acts 1967, 60th Leg., p. 520, ch. 224, §1, eff. Aug. 28, 1967.

## Article 2102. Jury quarters.

The Commissioners Court of each such county shall set apart for the use and convenience of said general panel or panels some room or rooms or place or places in or near to the court house, which shall be confortably furnished and fitted up for them to stay when not required for actual jury service. Said quarters shall be occupied by said panel or panels when not in service and they shall remain in or conveniently near thereto so as to be at all times subject to duty in any court in accordance with the preceding Article when called for, without delaying the proceedings of such court. The sheriff shall assign one of his deputies to look after said panel, call them when needed by the judges, provide for their wants and to have general custody and control of them when not in actual service.

## Article 2103. Reducing number in general panel.

When it becomes necessary to diminish the general panel for the week of its selection on account of lack of work in any court or for any other cause, the judge having supervision of said jury for the week shall designate the number to remain. He shall cause the clerk to draw from the names of the general panel the number required, and those jurors whose names are so drawn shall continue in service for the remainder of the week and the others excused.

## Article 2103a. County Judges and Judges of County Courts-at-Law in certain counties; drawing additional jurors.

In all counties having two or more County Courts-at-Law, when a panel of jurors shall not have been drawn by one of the district judges as directed by Article 2101, or when the number of jurors drawn shall be deemed insufficient by the county judge or either of the judges of the County Courts-at-Law, the county judge or judge of either County Court-at-Law may order the drawing of such additional jurors from the jury wheel for service in any of such courts for so long a period of time as

the trials in such courts may reasonably require. Such jurors when drawn shall be available for service in either of such courts. All of the provisions of law now otherwise governing the drawing of jurors in the courts in such counties by the district judge shall govern so far as applicable, except as herein otherwise expressly provided. The county judge and the judge of any of the County Courts-at-Law shall concurrently have the same authority with respect to determining and remedying a deficiency in the number of jurors as is not conferred on the judge having control of the general jury panel by Section 3, Article 2101, Revised Civil Statutes of Texas, 1925, as amended

### Article 2116d. Notification by the sheriff.

The sheriff shall notify the several persons named for jury service by mailing notice thereof, which notice shall include the time and place at which said juror is to report to the juror at the address shown by the card placed in the jury wheel, or the address shown by the last voter registration list in said county, and if said letter be received by some person authorized by the United States mail to receive said letter, said service shall be sufficient.

### Article 2117. Summoning jurors.

At any time when the Judge of the County or District Court needs a jury for any particular week of such Court, he shall notify the Clerk of such Court to open the next consecutive unopened list of jurors in his possession, and shall direct him as to the date for which such jurors shall be summonsed. Such notice shall be given to the Clerk within a reasonable time prior to the time when such jurors are to be summonsed. The Clerk shall immediately note on the list the date for which the jurors are to be summonsed, and deliver said list to the sheriff. On receipt of such list, the sheriff shall immediately notify the several persons named therein to be in attendance on Court on the date so designated by the Judge.

### Article 2118.

On any day when a jury has been summoned and there are jury trials, the court shall select a sufficient number of qualified jurors, in his discretion, to serve as jurors. Such jurors shall be selected from the names included in the jury lists, if there be the requisite

number of such in attendance who are not excused by the court, but if such number be not in attendance at any time, the court shall direct the sheriff to summon a sufficient number of qualified persons to make up the requisite number of jurors which is to be drawn from the jury wheel for jury trials in the district and county courts, under order of the court, to fill the panel. The names of such jurors to be summoned by the sheriff shall be drawn from the jury wheel as herein provided. All said extra jurors summoned shall be discharged when their services are no longer needed. The court may adjourn the whole number of jurors or any part thereof, to any subsequent day of the term, but the jurors shall not be paid for the time they may stand adjourned.

### Article 2120.

The court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term; provided, however, the court shall not excuse any juror for economic reasons unless all parties of record are present and approve such excuse.

### Article 2121. Defaulting juror.

Any defaulting juror lawfully notified who without reasonable excuse fails to be in attendance on the court in obedience to such notice shall be fined not less than ten nor more than one hundred dollars.

### Article 2122. Pay of jurors.

(a) Each juror in a district or county court or county court at law is entitled to receive not less than $4 nor more than $10 for each day or fraction of a day that he attends court as a juror. The commissioners court of each county shall determine annually, within the minimum and maximum prescribed in this subsection, the amount of per diem for jurors, which shall be paid out of the jury fund of the county. A person who responds to the process of a court, but who is excused from jury service by the court for any cause after being tested on voir dire, is entitled to receive not less than $4 nor more than $5 for each day or fraction of a day that he attends court in response to such process.

(b)   A check drawn on the jury fund by the clerk of the district court of a county may be transferred by endorsement and delivery and is receivable at par from the holder for all county taxes.

Article 2123.   Right to jury.

The right to trial by jury shall remain involate, subject to the following rules and regulations.

Article 2133.   Qualifications.

All persons both male and female over twenty-one (21) years of age are competent jurors, unless disqualiifed under some provision of this chapter.  No person shall be qualified to serve as a juror who does not possess the following qualifications:

1.   He must be a citizen of the State and of the county in which he is to serve and qualified under the Constitution and laws to vote in said county.

2.   He must be of sound mind and good moral character.

3.   He must be able to read and write, except as otherwise provided herein.

4.   He must not have served as a juror for six (6) days during the preceding six (6) months in the District Court, or during the preceding three (3) months in the County Court.

5.   He must not have been convicted of felony.

6.   He must not be under indictment or other legal accusation of theft or of any felony.

Whenever it shall be made to appear to the court that the requisite number of jurors able to read and write cannot be found within the county, the court may dispense with the exception provided for in the third subdivision; and the court may in like manner dispense with the exception provided for in the fourth subdivision, when the county is so sparsely populated as to make its enforcement seriously inconvenient.

Where the word "he" is used in this Section it shall be used in the generic term so as to include both male and female persons.

Article 2134. Disqualification.

The following persons shall be disqualified to serve as jurors in any particular case:

1. Any witness in the case.

2. Any person interested, directly or indirectly, in the subject matter of the suit.

3. Any person related by consanguinity or affinity within the third degree to either of the parties to the suit.

4. Any person who has a bias or prejudice in favor of or against either of the parties.

5. Any person who has sat as a petit juror in a former trial of the same, or of another case, involving the same questions of fact.

Article 2135. Jury Service.

All competent jurors are liable to jury service, except the following persons:

1. All persons over sixty-five (65) years of age.

2. All females who have legal custody of a child or children under the age of ten (10) years.

Article 2137. Filing of exemptions.

Section 1. All persons summoned as jurors in any court of this State, who are exempt by statutory law from jury service, may, if they so desire to claim their exemptions, make oath before any officer authorized by law to administer oaths, or before the officers summoning such persons, stating their exemptions, and file said affidavit at any time before the convening of said court with the clerk of said court, which shall constitute sufficient excuse without appearing in person.

Section 2. Any person wishing to claim any statutory exemption under Article 2135 in counties employing the jury wheel system may do so by filing a sworn statement stating the nature of and claiming

such exemption with the sheriff, the tax assessor-collector, or the district or county clerk of the county of his residence, in which event no card for such person shall be placed in the jury wheel for the ensuing year.

## NEW SECTIONS

Section 13. After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party.

Section 14. Once a prospective juror has been removed from a jury panel for cause, by peremptory challenge, or for any reason, he shall be immediately dismissed from jury service and shall not be placed on another jury panel until his name is returned to the jury wheel and drawn again as a prospective juror.

Section 17. For all counties under 10,000 population not presently using the jury wheel system for selection of jurors, the district judge of the county or of the judicial district of which the county is a part, may determine whether the county should come under the provisions of this law or may choose to adopt the jury commissioners system for selection of jurors in that county. If the district judge should determine to adopt the jury commissioners system for selection of jurors in a particular county, he must do so by July 15, 1971, otherwise, the county will come under the provisions of this Act. If, pursuant to the passage of this Act, this section is held to be unconstitutional by a court of this State or of the United States, then the jury wheel system for selection of jurors as provided by this Act shall be applicable to all counties of the State.

## CONSTITUTIONAL PROVISIONS

Article 3, Section 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one

A-12

subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

Article 3, Section 36. No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length.

## CODE OF CRIMINAL PROCEDURE PROVISIONS

### Article 35.10  Court to try qualifications.

When no challenge to the array has been made, or if made, has been over-ruled, the court shall proceed to try the qualifications of those present who have been summoned to serve as jurors.

### Article 35.12  Mode of testing.

In testing the qualification of a prospective juror after he has been sworn, he shall be asked by the court, or under its direction:

1. Except for payment of poll tax or registration, are you a qualified voter in this county and state under the Constitution and laws of this state?

2. Have you ever been convicted of theft or any felony?

3. Are you under indictment or legal accusation for theft or any felony?

### Article 35.16  Reasons for challenge for cause.

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

1. That he is not a qualified voter in the state and county under the Constituion and laws of the state; provided, however, the failure to pay a poll tax or register to vote shall not be a disqualification;

2. That he has been convicted of theft or any felony;

A-13

3. That he is under indictment or other legal accusation for theft or any felony;

4. That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service;

5. That he is a witness in the case;

6. That he served on the grand jury which found the indictment;

7. That he served on a petit jury in a former trial of the same case;

8. That he has a bias or prejudice in favor of or against the defendant;

9. That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict. To ascertain whether this cause of challenge exists, the juror shall first be asked whether, in his opinion, the conclusion so established will influence his verdict. If he answers in the affirmative, he shall be discharged without further interrogation by either party or the court. If he answers in the negative, he shall be further examined as to how his conclusion was formed, and the extent to which it will affect his action; and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and if the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case. If the court, in its discretion, is not satisfied that he is impartial, the juror shall be discharged;

10. That he cannot read or write.

No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by the party or parties in whose favor such grounds of challenge exist.